## GLEASON v. O'MARA.

(Circuit Court of Appeals, Third Circuit. October 6, 1909.)

No. 45 (1,223).

BANKRUPTCY (§ 391*)—STATE COURT PROCEEDINGS—STAY—"FALSE REPRESEN-
TATION."

Where a bankrupt's false representations as to his property, alleged to
have induced an attorney to accept his defense on a criminal prosecution,
were not made until after the attorney had been employed and had con-
tracted to defend the bankrupt, such representations did not constitute
a liability for obtaining property by false pretenses or false representa-
tions within the bankruptcy act, and hence an action to recover the
fees in which false representations were alleged was subject to stay by
the court in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 391.*

For other definitions, see Words and Phrases, vol. 3, pp. 2668-2670;
vol. 8, p. 7061.]

Petition to Revise Order of the District Court of the United States
for the Western District of Pennsylvania.

Proceedings by Roger O'Mara, as trustee in bankruptcy of Harry
K. Thaw, to stay an action brought by John B. Gleason against Thaw
in the state court of New York. An order was granted staying
Gleason's action, and, on the court's refusal to take off the stay,
Gleason filed a petition to revise. Order affirmed.

See, also, 180 Fed. 419.

John B. Gleason, pro se.

Stone & Stone, for respondent.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. On August 12, 1908, Harry K. Thaw
was adjudged a bankrupt on his own petition by the District Court for
the Western District of Pennsylvania. On August 28, 1908, John B.
Gleason, an attorney and counsellor at law of the city of New York,
commenced an action at law against Thaw in the United States Circuit
Court for the Southern District of New York. On September 7,
1908, Roger O'Mara was appointed trustee in bankruptcy of Thaw's
estate, and on October 24, 1908, the court in which the bankruptcy
case was pending, on the application of the trustee and without no-
tice to the plaintiff Gleason, made an order staying Gleason's action
in New York, and subsequently refused, on Gleason's application,
to take off the stay. This refusal is the subject of our present con-
sideration.

The plaintiff, Gleason, contends that his action is founded on a
"liability for obtaining property by false pretenses or false repre-
sentations," and that under the provisions of section 17 (2) and sec-
tion 11 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550,
549 [U. S. Comp. St. 1901, pp. 3428, 3426]) the court erred in staying
his action and in refusing to dissolve the stay. By the third para-
graph of the complaint filed in the action in New York, Gleason al-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

180 F.—27

leges that the defendant Thaw was indicted in the city of New York on June 28, 1906, for murder in the first degree. By the fourth paragraph he alleges that "the plaintiff was retained by the defendant in July, 1906, as his counsel upon his indictment and the matters connected therewith, and the trial and preparation therefor, and all matters touching his sanity, and generally as counsel for the defendant on matters affecting the defendant." By the fifth paragraph he alleges that "the plaintiff was his (Thaw's) chief counsel from July 14, 1906, to February 7, 1907," and by the fourteenth paragraph he alleges that "in July, 1906, the defendant (Thaw) stated to me (Gleason) that there had been a family settlement so that the defendant actually owned interests in his father's estate, or derived therefrom, and property interests more than enough to pay all the expenses of the trial, although these expenses should exceed $500,000, and that the actual value of the defendant's property interests that he could dispose of or mortgage was largely in excess of that sum." Whether the statement contained in the fourteenth paragraph was made before or after July 14, 1906, the date when plaintiff alleges, in the fifth paragraph, he became the defendant's chief counsel, or before or after the date when, as alleged in the fourth paragraph, he was retained "generally" as the defendant's counsel, does not appear. According to these allegations, the contract for the plaintiff's services was certainly not made later than July 14, 1906. By the fourth paragraph it appears that the contract was broad enough to cover all the services the plaintiff claims to have rendered. Any false statements made by the defendant concerning his property after the making of the contract cannot support an action based on the idea that the contract itself was as to the defendant a fraudulent one. There are numerous allegations in the complaint to the effect that the defendant made false representations to the plaintiff, but all of them, excepting the one in the fourteenth paragraph, expressly appear to have been made long after the date of the contract. We need not therefore consider them. Nor are we at liberty to infer that the statement mentioned in the fourteenth paragraph was made on or before the time of entering into the contract. An ambiguous pleading is always construed most strongly against the pleader. When so construed, the inference must be that the alleged false representation contained in the fourteenth paragraph was made after the date of the contract.

Assuming, therefore, for the purposes of this case, that a liability for an attorney's services is a liability for obtaining property within the meaning of section 17 (2) of the bankruptcy act, we think the plaintiff failed to set out in the complaint in his case in New York a liability for obtaining such property by false pretenses or false representations. The contract for his services seems to have antedated all of the alleged false pretenses and false representations of Thaw. It follows that the action was not one which could not be properly stayed under the provisions of section 11 of the bankruptcy act.

The order of the District Court is affirmed, with costs.