## In re THAW.

(District Court, W. D. Pennsylvania. January 26, 1910.)

### No. 4,290.

1. BANKRUPTCY (§ 407*)—DISCHARGE OF BANKRUPT—GROUNDS FOR REFUSAL—
   FALSE REPRESENTATIONS—"PROPERTY."
   Since "property" implies dominion, right of user, or of disposition, the services and advice of an attorney are not property within the provisions of the bankrupt law making it a ground to refuse the discharge of a claim that it is one for obtaining property under false pretenses or false representations.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*

   For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

2. BANKRUPTCY (§ 407*)—DISCHARGE OF BANKRUPT—GROUNDS FOR REFUSAL—
   DISCHARGE—FRAUD.
   That the gravamen of a complaint against a bankrupt is fraud (not created while acting in a fiduciary capacity) will not prevent the operation of a discharge since the amendment of 1903 to the bankruptcy act (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), though formerly it would.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

3. BANKRUPTCY (§ 391*)—ACTION AGAINST BANKRUPT—STAY OF PROCEEDINGS.
   A suit by an attorney for services and advice against a bankrupt by false pretenses or false representations will be stayed in accordance with Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing that a suit on a claim from which a discharge would be a release shall be stayed till an adjudication or dismissal of the petition, and, after adjudication, till 12 months from the adjudication, or till the question of discharge is determined.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–651; Dec. Dig. § 391.*]

In the matter of the bankruptcy of Harry Kendall Thaw. Petition to restrain the prosecution of a civil action against the bankrupt. Petition granted.

See, also, 180 Fed. 417.

Houston, Frew & Wilson, for Gleason.

Stone & Stone and A. P. Meyer, for trustee.

ORR, District Judge. The bankrupt has petitioned this court to stay proceedings under section 11 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), and to restrain one John B. Gleason from prosecuting a civil action brought in the Circuit Court of the United States for the Southern District of New York since the adjudication in bankruptcy until the bankrupt may have an opportunity to plead his discharge to such action. Some time since the said Gleason, upon petition of the trustee, was restrained from prosecuting a similar action against the bankrupt in the same court. In that proceeding, as in this, said Gleason insisted that his action is upon the liability of the bankrupt to him "for obtaining property by false pretenses or false representations." The

Court of Appeals for the Third Circuit affirmed the order of this court staying those proceedings upon the ground that the complaint failed to set forth a liability for obtaining property by false pretenses and false representations, and this without determining whether "property," as such, was alleged to have been obtained by the bankrupt. Gleason v. O'Mara, Trustee (decided October 6, 1909) 180 Fed. 417.

After that decision, the said Gleason discontinued the action then pending, and brought a new action, which is now the subject of consideration. The cause of action is the same as in the former suit, but the new complaint meets the objections to the former which were specifically pointed out by the opinion of the said Court of Appeals. It is therefore necessary to determine whether the complaint alleges the "obtaining of property." What the bankrupt obtained were professional advice and services from an attorney at law, who undertook the defense of the bankrupt against a charge of murder. The amount of fees to be paid was not agreed upon at any time.

The tendency to commercialize the relation of attorney and client has been deprecated by many. From the honorarium which the lawyer was willing to receive, but could not sue for, there has been an evolution to the right of action against the client for professional services upon a quantum meruit and to the right of action for contingent fees. Is that relationship to be still further commercialized so that either may have a property in the other? "The personal and confidential relation," as the law so often terms it, of attorney and client, would soon be destroyed if the client were held to have a dominion, a right of user, or of disposition, which he may lawfully exercise over the attorney's services. In Jones v. Vanzandt's Adm'r, 4 McLean (U. S.) 599, 603, Fed. Cas. No. 7,503, it was held that one who aided slaves to escape was liable to the owner for an injury to his property, because under the laws of Kentucky at that time the property in a slave consisted in the right of a master to his services. This illustration is an extreme case of dominion and of a right of user or of disposition over a man and his services. In every definition of property the foregoing qualities are expressed  They cannot apply, therefore, to anything which is not property. They cannot apply to services and advice received from one who follows the honorable profession of the law.

The complaint does not therefore make out a case of obtaining property by reason of alleged false pretenses and false representations. The mere fact that the gravamen of the complaint is fraud (not created while acting in a fiduciary capacity) will not prevent the operation of a discharge since the amendment of 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), though formerly it would. The claim of Gleason is one from which the bankrupt will be discharged, and the proceedings instituted by him should be stayed in accordance with section 11 of the bankruptcy act.

Let an order be drawn accordingly.