Commonwealth *v.* Bartello, Appellant.

Argued December 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

278

*Joseph C. Santaguida,* for appellant.

*Linda West Conley,* Assistant District Attorney, with her, *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., March 27, 1973:

The appellant, Michael Bortello, was tried before the Honorable Leo McKAY sitting without a jury on indictments charging him with the crimes of obtaining money under false pretenses and fraudulent conversion. A demurrer was sustained to the false pretense charge and he was found guilty of fraudulent conversion. Post-trial motions in arrest of judgment and for a new trial were overruled and he was sentenced to a term of not less than six months nor more than three years imprisonment. It should be pointed out that the trial was held before the Honorable Leo McKAY, but post-trial motions were heard by the Honorable Ethan Allan DOTY, who imposed sentence and is the opinion writer.

The facts are as follows: The appellant, a general contractor, entered into an oral contract on October 2, 1969, for home renovations with the complainant, one Alfred Ambrosano. The appellant was to perform the work at a cost of Twenty-Four Hundred ($2400) Dollars. Pursuant to the contract, the appellant was to tear out the existing edifice and replace it with new brick walls. He was also obligated to turn the steps, install a new patio, new marble sills, a bow window, an air conditioner in the dining room wall, complete the interior walls of the house with sheet rock and perform necessary plaster work around the windows on the inside of the house.

The sum of Six Hundred ($600) Dollars was paid as down payment money on the contract and although no money was due until the completion of the work, the complainant at the request of the appellant modified the agreement by advancing money as the work was progressing amounting to the sum of One Thousand, Six Hundred-Fifty ($1650) Dollars. More than one-half of the work was completed, but he never finished the job. It seems clear that the advanced payments were made with the hope of obtaining an early completion.

While the appellant was undoubtedly guilty of breach of contract and perhaps even of fraud, he was not guilty of the crime of fraudulent conversion. Fraudulent conversion is defined by Section 834 of The Penal Code of 1939, 18 P.S. §4834, as follows: "Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own

use and benefit, or to and for the use and benefit of any other person, is guilty of a felony. . ."

"The statute defines fraudulent conversion as a crime committed by one who has possession of money or property 'belonging to any other person, or which any other person is entitled to receive. . .' and then converts it to his own use. Thus if title in addition to possession is obtained by the defendant his subsequent acts in regard to that property cannot constitute the crime of fraudulent conversion because the property no longer belongs to any other person. As was said in Commonwealth v. Cavanaugh, 159 Pa. Superior Ct. 113, 116, 46 A. 2d 579 (1946) : 'Of course one may not be convicted of fraudulent conversion if title and ownership of the property is in him.'" *Commonwealth v. Yocum,* 211 Pa. Superior Ct. 17, 20, 234 A. 2d 43 (1967).

The complainant must have title in the property at the time the conversion accrues to sustain a finding of fraudulent conversion. *Commonwealth v. Yocum,* supra. Here clearly title passed to the appellant as the payments were within the contract price of Twenty-Four Hundred ($2400) Dollars and renders the appellant liable to perform the services under the contract. The fact that Judge McKay sustained a demurrer to the indictment charging him with false pretenses lends credence to the contention that title passed to the appellant.

It seems apparent that in a simple contract providing for certain services at certain prices that where there is a transfer of money, within the contract price, even in advance of a due date, that title as well as possession passes and only a contractual obligation remains.

"A purchaser of an article to be delivered in the future, can pay for it in full or in part at the time it is

ordered, and rely on the credit of the seller just as well as a dealer can deliver an article to a purchaser to be paid for in the future, and rely on the latter's credit. The mere fact that either party thus trusted may default in his sale or purchase, as the case may be, does not, of itself, make him subject to criminal prosecution . . . [for] fraudulent conversion." *Commonwealth v. Overheim,* 106 Pa. Superior Ct. 424, 427, 162 A. 475 (1932).

As was well said by the late Judge KELLER in *Pearl Assurance Co. v. National Insurance Agency,* 151 Pa. Superior Ct. 146, 152, 30 A. 2d 333, 336 (1943) : "It was designed to cover those border line cases between embezzlement and larceny by bailee, where the faithless agent or custodian sometimes escaped his just deserts on the ground that his actions were only a breach of trust for which he was not responsible by criminal prosecution, or even by civil action except in assumpsit."

Having determined that possession and title to the payments in question passed to the appellant, we need not reach the complaint concerning witnesses used to prove intention.

The judgment of sentence is arrested and the defendant discharged.