393 A.2d 36

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William R. AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1977.

Decided Oct. 20, 1978.

Harold G. Caldwell, Troy, for appellant.

Rudolph J. Van der Hiel, District Attorney, Wellsboro, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, William R. Austin, was convicted, in a non-jury trial in the Court of Common Pleas of Tioga County, of violating Section 3927 of the Pennsylvania Crimes Code, "Theft by failure to make required disposition of funds received" 18 Pa.C.S. § 3927. Defendant's post-trial motions were denied. Sentence was suspended and defendant was placed on probation for a period of twelve months on the condition that he pay the costs of prosecution. Defendant appealed. We reverse the decision of the lower court.

Mr. and Mrs. Joseph E. Carey contracted with the appellant, a construction contractor, to do work on their home. Based on an estimate of the work to be done prepared by appellant, the parties entered into the following contract:

"Austin Construction

R. D. 1 Box 217

Covington, Pa. 16917

659–5357

Contract for:

    Mr. and Mrs. Joseph E. Carey

    Box 37 Front Street

    Morris Run, Pa.

Austin Construction agrees with the above party to do said work listed below for $4,175.00. The price includes materials and labor. The amount of $2,495.00 will be paid in advance and an amount will be drawn each week.

Work to be done: Raise house, pour cellar floor 28'4" × 24'4", lay up basement walls with 15' blocks, and entranceway___9' × 12' with sliding glass door

    /S/   Mrs. Shirley Carey

    /S/   Joseph Carey

    /S/   William R. Austin."

The Careys presented Austin with a check for $2,495.00 as per the agreement. They requested a receipt for the check in order to satisfy a bank through which they were financing the project. On this receipt was the notation "for materials."

Defendant began work on the project and continued performance for a period of approximately two months. During that period, defendant employed four additional workers to help him on the job.[1] The Careys made one additional payment on the contract by a check for $800.00. Austin provided a receipt with the notation, "for labor."

As Austin's work progressed, he realized there was more work to be done than he had originally anticipated; much dirt had to be removed from the cellar and other tasks outside the contract had to be performed. Realizing the job was a losing proposition and upon the advice of an attorney, Austin discontinued work on the project. It is undisputed that $880 was still due and owing Austin on the contract. Because Austin had spent only $1,243.00 for materials out of the sums advanced to him, the Careys charged him with theft by unauthorized disposition of the advance money paid on the contract. The court found Austin guilty as charged.

The issue before us is whether there was sufficient evidence to convict the appellant of the crime charged. The test of sufficiency of the evidence is:

". . . whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all the elements of the crime have been established beyond a reasonable doubt . . ." *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975); *Commonwealth v. Kramer*, 474 Pa. 341, 378 A.2d 824 (1977).

In applying this test to the case before us, we cannot conclude, as did the court below, that all elements of the crime were sufficiently proved beyond a reasonable doubt.

Section 3927 of the Crimes Code reads as follows:

"§ 3927. Theft by failure to make required disposition of funds received.

1. At the time the contract was entered, Austin conducted his construction operations as a sole proprietor. Prior to this, he had been in partnership with another construction contractor.

(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition." [2]

█ This section is new to Pennsylvania law and is derived from Section 223.8 of the Model Penal Code, replacing the fraudulent conversion section of the 1939 Penal Code, Act of June 24, 1939, P.L. 872; § 834; 18 P.S. § 4834. This court first reviewed this section in *Commonwealth v. Crafton*, 240 Pa.Super. 12, 367 A.2d 1092 (1976); *allocatur denied*, wherein we outlined the four elements necessary to complete the crime. They are:

"1. The obtaining of property of another;

2. Subject to an agreement of known legal obligation upon the recipient to make specified payments or other disposition thereof;

3. Intentional dealing with the property obtained as the defendant's own; and

4. Failure to make the required disposition of the property." 240 Pa.Super. at 16, 367 A.2d at 1094.

█ With respect to the first element, "the obtaining of the property of another," we do not feel the acceptance of advance money on a construction contract is the property *of another.* *Commonwealth v. Bartello*, 225 Pa.Super. 277, 301 A.2d 885 (1973) is a case dealing with fraudulent conversion under the old section 4834 of the Penal Code of 1939, which the present section 3927 replaces. There, the Superior Court reversed a conviction for fraudulent conversion saying that there was only a civil breach of contract involved where money had been advanced under the terms of a contract but the job had not been completed. In his opinion, President Judge Watkins stated,

**2.** Act of December 6, 1972, P.L. 1482, No. 334 § 1 (1973).

"It seems apparent that in a single contract providing for certain services at certain prices that where there is a transfer of money, within the contract price, even in advance of the due date, that title as well as possession passes and only a contractual obligation remains." 225 Pa.Super. at 280, 301 A.2d at 887.

Using this reasoning the court found that one could not fraudulently convert his own property, and therefore defendant could not be convicted. *Commonwealth v. Yocum*, 211 Pa.Super. 17, 234 A.2d 43 (1967); *Commonwealth v. Cavenaugh*, 159 Pa.Super. 113, 46 A.2d 579 (1946).

When applying this reasoning to the case before us, defendant received money under the contract, within the contract price, as per the terms of the written agreement. Under *Bartello*, the title as well as ownership of the money passed to defendant. His duty was to perform the services under the contract and failure to perform was a breach of that contract with its proper remedy in a civil forum.

The Commonwealth argues that such a construction of this first element would make section 3927 a nullity and require reversal of the two cases already construing § 3927.[3] However, both cases are distinguishable. In *Commonwealth v. Crafton*, supra, a travel agent received money which she was required to turn over to a travel wholesaler as payment for a scheduled tour. This procedure made the travel agent exactly what her title says—an agent of the plaintiffs in turning their money over to a third person. This is an entirely different situation from the one before us where appellant received advance money on a construction contract. In *Commonwealth v. Bhojwani*, supra, defendant did not contest that he took the money of another for the orders of clothes. The evidence produced lead to the conclusion that from the inception of the contracts, defendant never intended to place the orders for the clothes of his customers. Here, however, work was performed on the construction contract for almost two months, and it was only after the

---

**3.** *Commonwealth v. Crafton*, supra; *Commonwealth v. Bhojwani*, 242 Pa.Super. 406, 364 A.2d 335 (1976).

economies overwhelmed the contractor that he ceased performance.[4] Hence we find that in the construction contract before us, áppellant did not fraudulently take the money of another.

The second element of the crime is that the property of another had to be "subject to an agreement of known legal obligation upon the recipient to make specified payments or other disposition thereof." In reviewing the evidence on this point, the Commonwealth and the lower court relied upon three things: the estimate prepared by appellant prior to the contract, the contract itself, and the receipt for $2,495.00 furnished by appellant, at the request of the Careys, with its notation "for materials." We do not feel this is sufficient evidence to prove beyond a reasonable doubt that an agreement was specifically established that the $2,495.00 had to be used only for materials. Furthermore, the contractor's statement that monies were applied for "materials" or "labor" were merely gratuitous and had no contractual significance. The total amount fixed in the contract was the appellant's statement for both a materials and labor fund, and neither party had any amount specifically allocated for separate uses under the contract.

The "estimate" relied upon by the lower court is no more than what it implies—an estimate. It was merely a breakdown of the costs of material and labor, and we fail to perceive how this can be construed to impose an obligation upon appellant to reserve the advance payment for the purchase of materials and nothing more. In our opinion the

4. In reaching this conclusion, we do not ignore the comment to the Model Penal Code § 223.8 from which 18 Pa.C.S. § 3927 is derived that says this section is to "extend theft liability to a class of cases with which the courts have had difficulty because they seem to involve only breach of contract rather than misappropriation of identifiable property belonging to the victim." (MPC, Ten.Draft, No. 2, pp. 80–82). However, the comment continues into the second element of the offense, saying "[l]iability is imposed only where the understanding or obligation was to 'reserve' an amount of assets for the performance of the obligation [and the] test . . . limits theft liability to cases of knowing violation of the obligation to reserve the funds received for specified purposes." These elements will be discussed infra.

court below attached undue significance to the fact that the advance payment and the estimated cost of materials were of the same amount. Indeed it appears the parties themselves did not contemplate rigid adherence to the estimate. It was undisputed that after the estimate was prepared, the parties mutually agreed to certain changes in the work. Nor was it disputed that in preparing the estimate appellant included a margin of error for himself. Thus it appears that even if appellant had purchased all the materials listed on the estimate their total cost would not have equaled the advance payment. Perhaps the most significant indication of the parties' lack of reliance upon the estimate as a source of their obligations, is the fact that they subsequently executed a written contract which is silent as to any agreement or obligation to reserve funds for a specific purpose.

With respect to the receipt bearing only the notation "for materials," this document is subject to the same inadequacies as the estimate. It is too vague and ambiguous to serve as the source of a legal obligation whose breach results in the imposition of criminal sanctions. Again, this conclusion seems inevitable where, as here, the parties have entered into a contract which is silent on the subject of specific dispositional requirements. Thus, while it is certain appellant was obligated to ultimately purchase the materials necessary to complete the work, it is equally clear that the evidence failed to establish, beyond a reasonable doubt, that appellant was legally obligated to utilize the advance payment solely for the purchase of construction materials.

As noted earlier, the third and fourth elements of the crime of theft by failure to make required disposition of the funds received are:

"3. Intentional dealing with the property obtained as the defendant's own; and

4. Failure of the defendant to make the required disposition of the property." *Commonwealth v. Crafton,* supra, 240 Pa.Super. at 16, 367 A.2d at 1095; *Commonwealth v. Bhojwani,* supra, 242 Pa.Super. at 411, 364 A.2d 335.

Section 302(b)(1)(i) of the Crimes Code, supra, 18 Pa.C.S. § 302(b)(1)(i) provides:

"(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result . . ."

Assuming, arguendo there was sufficient evidence to prove that appellant received the advance payment subject to an agreement or obligation to make specific disposition thereof, it must still be established that it was his "conscious object" to violate that agreement and deal with the payment as his own and fail to make the required disposition. The evidence of record, however, does not support such a conclusion. After he stopped performance on the contract, appellant provided the Careys with an accounting of how he had spent the monies he received.[5] Suit was brought by the Careys soon after they reviewed appellant's accounting. Although all the items listed in the accounting did not appear on the "materials" estimate for the job, the expenditures made by appellant may be construed to have been necessary for the ongoing operation of his sole proprietorship and his completion of the project. There is insufficient evidence to establish that appellant intentionally committed a criminal act in purchasing materials.

5. The list given is as follows:

| | |
|---|---|
| "A to Z Jacks | 128.40 |
| Blocks | 463.21 |
| Lumber | 111.36 |
| Arnot | 148.34 |
| Concrete | 215.15 |
| Labor | 917.00 |
| William Austin | 506.00 |
| Gas | 38.30 |
| Saw | 169.00 |
| Wheelbarrow | 53.27 |
| Backhoe | 409.41 |
| Ins. | 75.00 |
| Amt. Received $3295.00 | 3234.44 |

■■■■ As stated in *Commonwealth v. Crafton*, supra, there is no criminal liability imposed under § 3927 for the commingling of funds. Liability attaches only where the actual payments or agreed upon dispositions are not made. This leads to the fourth element of whether or not the dispositions were made. In this case, the contractor did not complete the job. Possibly, if appellant had been able to settle his contract difference and had received money for work done outside the contract plus the balance of the contract price, he may have been able to complete the work. Hence we believe the cumulative effect of the foregoing evidence is highly probative of appellant's lack of criminal intent in this case. While he may have to answer for his actions in a civil forum, appellant's conduct does not constitute a criminal offense.

We conclude the Commonwealth failed to establish appellant's guilt beyond a reasonable doubt. Judgment for sentence reversed and appellant discharged.

VAN der VOORT and SPAETH, JJ., concur in the result.

JACOBS, President Judge, dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.