418 A.2d 594

**COMMONWEALTH of Pennsylvania**

v.

**Stanley SHAPIRO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Filed Feb. 8, 1980.

Reargument Denied March 27, 1980.

Petition for Allowance of Appeal Denied April 22, 1980.

**30**

Daniel–Paul Alva, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

PRICE, J., files an opinion in support of affirmance in which HESTER and VAN der VOORT, JJ., join.

CERCONE, President Judge, files an opinion in support of reversal in which HOFFMAN and SPAETH, JJ., join.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, in Support of Affirmance:

Following a non–jury trial, appellant was convicted of twenty–two counts of theft by deception,[1] and twenty–two counts of theft by failure to make required disposition of funds received.[2] Post–trial motions were denied and appel-

1.  18 Pa.C.S. §. 3922.

2.  Pa.C.S. § 3927.

lant was sentenced. On appeal, appellant questions the sufficiency of the Commonwealth's evidence on all counts and contends that there was a material variance between the informations in this case and the Commonwealth's proof. For the reasons set forth herein, we would affirm.

The facts pertaining to this case are as follows. For approximately four years prior to trial, appellant was the owner and operator of Shapiro Monuments, located on Castor Avenue in Philadelphia. Appellant testified that he lost money each year and was on numerous occasions forced to borrow funds from several banks and family members to continue the business. At the time of trial, appellant's private residence was being sold at a sheriff's sale and his Cadillac automobile had already been repossessed. The Commonwealth introduced the testimony of sixteen witnesses as to their patterns of dealing with appellant, and there was a stipulation entered that an additional seven witnesses would testify similarly. Each witness had made an oral contract with appellant for a stone, inscription or plaque; all due for delivery in or after August, 1975. None of the complainants, however, received the property for which he contracted, nor was the advanced money, usually a downpayment but in one case payment in full, ever returned. Various witnesses made efforts in mid to late August and thereafter, to contact appellant by telephone or in person, at his store but appellant's store was unattended.

Appellant testified that another firm, Christianson and Sons, did all of the carving, lettering, and setting of stones. Appellant testified that prior to August 1975, he had defaulted on none of the contracts, but that to complete orders placed in May, June, July and August, he had to depend on new business in September and months thereafter. In August, Mr. Christianson demanded payment of the debt that appellant owed. When appellant was unable to satisfy the debt, an employee of the Christianson firm came to appellant's place of business, and removed all of the sample stones, appellant's desk and records. These acts, according to appellant, put him out of business. Although appellant testified that he contacted his attorney, Ronald Shear, re-

garding Christianson's action, and also that he asked counsel to correspond [3] with appellant's clients whose contracts were not fulfilled, explaining that appellant intended to reimburse deposits, counsel took no action.

Appellant testified that he had no intention of defrauding anyone, but entered into the contracts with every intention of fulfilling them. Although most of the funds were deposited in his business account, appellant testified that some checks were cashed immediately to meet expenses.

In evaluating the sufficiency of the evidence, we must determine:

> "whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all the elements of the crime have been established beyond a reasonable doubt."
> *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975).

In applying this test to the facts before us, we conclude that the Commonwealth presented sufficient evidence to establish theft by deception and theft by failure to make the required disposition of funds.

In *Commonwealth v. Crafton*, 240 Pa.Super. 12, 367 A.2d 1092 (1976), we affirmed a conviction for theft by unlawful failure to make required disposition of funds received. Crafton, a travel agent, received deposits of approximately $56,000, agreeing to arrange an excursion to Las Vegas. On the date when the appellant was to pay the wholesaler, she was $24,000 short, even though she had received payment in full from the prospective travelers. We found the evidence sufficient, noting the following four essential elements of the crime:

> "1. The obtaining of property of another;
>
> 2. Subject to an agreement or known legal obligation upon the recipient to make specified payments or other disposition thereof;

**3.** Mr. Shear, appellant's counsel, testified that he had sent letters of explanation to appellant's disappointed clients.

3.  Intentional dealing with the property obtained as the defendant's own;  and

4.  Failure of the defendant to make the required disposition of the property."

*Id.*, 240 Pa.Super. at 16, 367 A.2d at 1094–95.

As in *Crafton*, appellant was, by his own admission, a mere intermediary between the client and a third party who supplied the stone, cut it, and placed it on its foundation. Appellant admitted that he did not deposit all of the payments in his business account, but cashed a number of them to meet expenses, some of which were personal. Clearly, therefore, the first element was proved. In this respect this case is distinguishable from *Commonwealth v. Austin*, 258 Pa.Super. 461, 393 A.2d 36 (1978), and *Commonwealth v. Bartello*, 225 Pa.Super. 277, 301 A.2d 885 (1973), on which *Austin* relied. In each of these cases, money had been advanced on a construction contract to a sole proprietor. *Bartello*, quoted by the *Austin* decision, held:

> "It seems apparent that in a single contract providing for certain services at certain prices that where there is a transfer of money, within the contract price, even in advance of the due date, that title as well as possession passes and only a contractual obligation remains." *Commonwealth v. Bartello, supra*, 225 Pa.Super. at 280, 301 A.2d at 887.

*Austin* went on to distinguish *Crafton* :

> "In *Commonwealth v. Crafton*, supra, a travel agent received money which she was required to turn over to a travel wholesaler as payment for a scheduled tour. This procedure made the travel agent exactly what her title says–an agent of the plaintiffs in turning their money over to a third person." *Commonwealth v. Austin*, 258 Pa.Super. at 467, 393 A.2d at 39.

Thus, this case presents a situation identical to that in *Crafton* ; appellant was "an agent of the [complainants] in turning their money over to a third person."

As to the second element, we find that there was a clear legal duty on appellant to dispose of the funds in a certain

manner. Appellant took the money knowing he had a legal duty to transfer equal funds to a third party to complete the ordered work. In *Crafton*, the court noted that the participants in the trip had knowledge that the appellant herself would not provide the service, but that she would make necessary arrangements with unknown third parties. Appellant argues that because his clients did not indicate in their testimony that they expected a third party to do the actual work, *Crafton* is inapposite. We disagree. The crucial factor is that appellant in fact had the duty to dispose of funds to another; that clients did not appreciate the workings of his business or that he intentionally concealed his intermediary function from the clients is of no moment. Such cannot preclude conviction in light of the fact that appellant accepted money after contracting to supply stones, inscriptions and plaques, knowing that he could not personally deliver on the contracts but would have to pay and rely upon a third party to provide the goods and services.

Appellant's own testimony revealed that he dealt with at least a portion of the collected monies as though they were his own, thus satisfying the third element of the offense. With regard to the fourth element, it is clear from the proffered testimony that appellant did not make the appropriate disposition of the funds. None of the complainants ever received the property and services for which they contracted. Also, appellant's business accounting system did not appear to be very accurate; withdrawals from the business bank accounts were simply made as required to cure personal and business expenses.

Appellant's attack on the failure of the information to coincide with evidence adduced at trial falls short of the mark. His basic assertion is that the Commonwealth failed to prove the specific dates upon which appellant neglected to make the required dispositions. However, the testimony of each of the clients established that some explicit time was agreed upon for delivery, often a specific date but sometimes just a specific period during a named month. As the court stated in *Crafton* :

"The last sentence of § 3927(a) provides what we feel is the crucial time under this section: '[a]t the time of the failure of the actor to make the required payment or disposition.' Appellant did nothing criminal until she failed to pay Fun Tyme the balance due. It is at this moment that criminal liability attached although it could have been negated by returning the money to the complaining witnesses. This statute does not make insolvency a crime as appellant contends. It merely provides that when money is paid to an agent for an obligation that obligation must be met. In this regard the act lessens the duties of an agent by permitting him to commingle funds, if he chooses, without penalty. It is only when the required payments are not made that criminal liability attached." *Commonwealth v. Crafton, supra,* 240 Pa.Super. at 18, 367 A.2d at 1095–96.

Here, criminal liability attached at the point that appellant failed to transfer each piece of work to another to complete it before the contract date of delivery, even though "it could have been negated by returning the money to the complaining witness."

As in *Crafton,* appellant argues that the effect of this statute is to hold criminal a business venture that simply fails. *Crafton* rejected the argument as all of the elements of the offense had been established. By treating the money as his own and failing to make the required disposition, appellant violated the statute. The fact that each client's deposit could not be traced is also not fatal to the conviction in this case. *See Commonwealth v. Stoner,* 264 Pa.Super. 136, 399 A.2d 703 (1979). One may commingle funds if he wishes, but when the required payments are not made, thereby resulting in no delivery from the third party, criminal liability attaches.

■ Appellant also questions the sufficiency of the evidence for his conviction of theft by deception. The Pennsylvania Crimes Code provides that:

"A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression; including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise . . . ." 18 Pa.C.S. § 3922.

Our Crimes Code defines "obtain" as bringing about a transfer or purported transfer of a legal interest in property either to the obtainer or another, *see* 18 Pa.C.S. § 3901, and we have held that while "withholds" is not defined in the Code, § 3922 requires a causal connection between the deception and the withholding similar to that between the deception and the obtaining, *i. e.*, the deception must cause the victim to acquiesce in the deceiver's continued possession of the property. *Commonwealth v. Patterson*, 257 Pa.Super. 206, 390 A.2d 784 (1978).

The main issue presented by the instant case is whether appellant had the requisite intent to deceive at the time he obtained his customers' funds. In reviewing the sufficiency of the evidence, it has been repeatedly held that evidence must be viewed in the light most favorable to the verdict winner with all reasonable inferences therefrom. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Strand*, 464 Pa. 544, 347 A.2d 675 (1975). The trial court may consider surrounding circumstances in determining whether appellant violated § 3922, and the intent to deceive or defraud, like any other element of the burden of proof, may be inferred from words or conduct or from facts and attendant circumstances which are of such a nature as to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Feldman*, 243 Pa.Super. 408, 365 A.2d 1289 (1976); *Commonwealth v. Atkins*, 232 Pa.Super. 206, 335 A.2d 375 (1975). Viewing the evidence in this light, we hold that the record in the instant case supports appellant's conviction of theft by deception.

The record discloses that appellant represented to his customers, at least by implication, that his business was

solvent and that he would be able to fulfill his contractual obligations with them. On the strength of this false representation, his customers deposited sums of money with him as downpayments for the orders that he contracted to fulfill. Yet, the contracts were not fulfilled nor were the deposits refunded. However, this failure alone would not bring appellant within the scope of the statute. *See* 18 Pa.C.S. § 3922(a)(1). Appellant maintains that he was merely lacking in business acumen, and had no criminal intent. In support of this contention, appellant directs the court's attention to the case of *Commonwealth v. Gallo, supra.* In *Gallo,* the supreme court held that evidence of a defendant's failure to perform a promise, without more, is insufficient to prove the intent to deceive necessary to support a conviction of theft by deception. The instant case differs substantially from *Gallo* in that evidence was presented indicating that appellant used the funds advanced to him by his customers for purposes other than fulfilling the complainants' orders. We find particularly significant the following quotation from *Gallo*:

"As Judge Cercone stated in his dissenting opinion to *Commonwealth v. Gallo,* 236 Pa.Super. 557, 566–67, 345 A.2d 747, 752 (1975): 'Finally, there was no evidence that appellant attempted to abscond with any money secured from the Leveto contract. Nor was there any evidence that appellant used the Leveto funds for any purpose other than producing the brochures. . . .'" *Commonwealth v. Gallo, supra,* 473 Pa. at 191, 373 A.2d at 1112.

Appellant's act of appropriating his clients' funds for his own use is circumstantial evidence from which it may be inferred that, with respect to his fulfillment of the contracts, he possessed the requisite intent to deceive at the time he obtained the funds of his customers. Therefore, the trial court was not in error in finding the evidence sufficient to support appellant's conviction.

Accordingly, judgment of sentence is affirmed.

HESTER and VAN der VOORT, JJ., join.

CERCONE, President Judge, in Support of Reversal:

In my view, neither of the charged offenses were proved beyond a reasonable doubt. The Commonwealth's evidence merely established that appellant was a poor businessman—not a thief.

With respect to the charges of theft by failure to make required disposition of funds received, I find the evidence lacking any indiction that appellant was an agent obliged to transmit specified funds to a third part. *Cf. Commonwealth v. Austin*, 258 Pa.Super. 461, 393 A.2d 36 (1978); *Commonwealth v. Crafton*, 240 Pa.Super. 12 (1976). As to the convictions for theft by deception, the evidence was likewise insufficient to establish that appellant never intended to perform his promises. See *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977). Indeed, the Supreme Court's decision in *Gallo* makes it, in my opinion, abundantly clear that appellant's business practices fell short of amounting to criminal behavior.

I would reverse the judgment of sentence and order appellant discharged.

HOFFMAN and SPAETH, JJ., concur.