In re Wayne L. HARLAN and Terri A. Harlan aka Belle A. Harlan, husband and wife, Debtors.

Walter E. SAMPLE and Wilma M. Sample, husband and wife, Plaintiffs,

v.

Wayne L. HARLAN and Terri A. Harlan aka Belle A. Harlan, husband and wife, Defendants.

Bankruptcy Nos. 80–00376, 80–0082.

United States Bankruptcy Court, D. Arizona.

Nov. 4, 1980.

Donald E. Gabriel, Tucson, Ariz., for plaintiffs.

Harley Rantz, Tucson, Ariz. for defendants.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Plaintiff, Walter E. Sample, filed an action to determine the dischargeability of a debt, alleging false representations, a false written financial statement, and fraud. Plaintiff alleges that he forbear bringing an action against a third party named Cooley because of the foregoing acts of the Debtor–Defendant. Plaintiff's position is that the debt is not dischargeable under Section 17(a) of the Bankruptcy Act. This Act is not applicable because of the Bankruptcy Code which became effective October 1, 1979. Exceptions to discharge are set forth in Section 523(a) of the Bankruptcy Code. Subsection 523(a)(2)(A), (B) provides for the objection to a discharge based on a false pretense or use of a statement in writing that is materially false, etc.

The pertinent facts in this matter are: On August 6, 1977, Anthony P. Cooley and Jacqueline S. Cooley gave Plaintiffs their promissory note in the amount of $6,000.00, payable within ninety (90) days upon demand. The Cooleys used this sum as the purchase price of a bar and a lease option to purchase a motel sold to them by the Defendant, Wayne L. Harlan, who acknowledged receipt of this sum of $6,000.00. The Cooleys were unable to make a success of the business and they and the Defendants rescinded the transaction by a written agreement dated January 27, 1978. Under this agreement Defendants paid Cooley $2,500.00 for a liquor license and agreed to assume various debts, including the debt to the Plaintiff. Following this transaction, on May 24, 1978, the Defendants sold the property to the Desert Vista Motel Corporation, but this purchaser was unable to make a success of the business and the original owners who had sold to Defendant Harlan reclaimed it.

Plaintiff contends that the Defendant Harlan made false representations to him at the time of the January 27, 1978, Harlan–Cooley agreement. He testified that the Defendant made several statements to him that his net worth was approximately $400,000.00, and delivered a written financial statement to him early in February 1978, as he had agreed to do. The Defendant testified that the financial statement that was placed into evidence was not complete, and he had no recollection of delivering it to the Plaintiff. This financial statement is dated February 1, 1978. It is clear to this Court that the Plaintiff cannot sustain his burden under Section 523(a)(2)(B). This section provides for an exception to the discharge based upon a materially false written financial statement upon which a creditor relies and which was given by the debtor with the intent to deceive. There are various cases which hold that if the property or service was obtained prior to the making of a false representation, such will have no effect upon the discharge of the debt, see *3 Collier on Bankruptcy*, 15th Ed. § 523.08 at pages 523–43, citing *Gleason v. O'Mara*, 180 F. 417 (3rd Cir. 1909). Nor is a promise to execute in the future sufficient to make a debt nondischargeable. For cases supporting this statement of law see *3 Collier on Bankrupt-*

*cy, supra,* at pages 523–44, and cited cases, note 17, including *Hisey v. Lewis–Gale Hospital, Inc.,* 27 F.Supp. 20 (W.D.Va.1939).

■ The underlying principle to all objections to discharge is that exceptions to the discharge in bankruptcy are to be narrowly construed. See *Danns v. Household Finance Corporation,* 558 F.2d 114 (2nd Cir. 1977); *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (S.Ct.1915).

■ The five elements of proof to be borne by the objector to a discharge under Section 523(a)(2)(A) are set forth by our Ninth Circuit in the *Matter of Nelson,* 561 F.2d 1342 (9th Cir. 1977), and also in *In re Taylor,* 514 F.2d 1370 (9th Cir. 1975). They are as follows: "(1) The debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations, and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made." In the instant case, Plaintiff testified that the debtor told him of his net worth and promised to deliver a written financial statement before the January 27, 1978, agreement. Plaintiff then also testified that as a result of these statements and the assumption of the Cooley debt due him contained in the January 27, 1978, agreement, that he forbore bringing action against the Cooleys. He did not forbear very long because on June 19, 1978, Sample sued both Cooleys and the Harlans for the debt due him. Plaintiff further testified that if he had not forbore from bringing an action against the Cooleys he could have sued and recovered the assets which were sold to Defendant Harlan. There is very little evidence as to what he would have recovered had he taken judgment and levied execution upon those assets. We do know that the Cooleys were unable to make a success of the business purchased. Mr. Cooley was in the Maricopa County jail and unable to attend to his affairs of business, and Defendant Harlan purchased the Series 6 Liquor License for the sum of $2,500.00.

Whether or not a forbearance is "property" obtained by a false pretense is a very nice question. The United States Supreme Court has stated that "at most it (property) denotes something subject to ownership, transfer or exclusive possession and enjoyment which may be brought within the dominion and control of the court through some recognized process." This is certainly the full extent of the words meaning "as employed in ordinary operation and business," and the same significance attaches to it in any carefully–prepared writings. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). "Money" has been held to be property by case law; and indeed, the word is now included in Section 523(a)(2). The giving of a note or similarly written instrument in payment for property previously obtained by a debtor even if induced by false representation has been held not to be money or property under the old Bankruptcy Act. See *Rudstrom v. Sheridan,* 122 Minn. 262, 142 N.W. 313 (1913); *In re Pulver,* 146 Wash. 597, 264 P. 406 (1928); *Colliers on Bankruptcy, supra,* at page 523–37, note 8.

■ This Court finds that neither the assumption of the debt by the Debtor to the Plaintiff in the approximate amount of $6,000.00 in the January 27, 1978, agreement nor the forbearance by Plaintiff to sue the Cooleys is property. This Court further finds that there was no binding agreement on the part of the Plaintiff to forbear bringing action against the Cooleys and he could have sued them at any time following their default in making payments on the promissory note dated October 6, 1977. For the foregoing reasons, this Court finds that the debt due Plaintiffs from the Debtors is dischargeable. Defendant's counsel IS ORDERED to prepare an appropriate form of order and file it with the Court within ten (10) days from date.