BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County for the crime of embezzlement. The facts of the case are undisputed. The question before us is simply whether or not under these facts, a person may be found guilty of the crime charged.
The embezzlement statute under which appellant was indicted is Mississippi Code Annotated, Section 97-23-25 (1972), which reads as follows:
If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
Mr. and Mrs. Talmon Caston purchased a lot for the purpose of building a home for their retirement. Mr. Caston was a funeral director and Mrs. Caston was a counselor at a public junior high school. The Castons entered into an initial written contract with appellant Shelley whereby the latter was to do certain framing and blocking in of the house for the sum of $12,000. At a later time, a new contract was entered into between Mr. and Mrs. Caston and appellant whereby for the sum of $20,000, appellant *125 was to construct the building completely according to plans furnished by the Ca-stons. The contract set out in somewhat detail the specific work to be done under the terms of the contract.
After the clearing of the house site, most of which was performed by appellant, the Castons paid appellant the sum of $2,000, which was the first payment toward the initial contract and according to the Ca-stons, this payment was so that appellant could purchase the materials for framing the house.
Eleven days later, the Castons gave appellant a second check in the amount of $550, although no work had been done on the house.
The second contract for the completion of the house for $20,000 was entered into by appellant and the Castons on February 26, 1980. The $20,000 consideration was to include the $2,550 already paid appellant.
On March 13, 1980, the Castons executed a third check in the amount of $500 to the appellant. On April 3, 1980, the Castons executed another check to the appellant in the amount of $7,500. At this time, no further work had been done on the house to any extent since the grading. Another check was issued on April 25, 1980, from the Castons to the appellant in the amount of $2,700. At this time, no work on the house was in progress. These payments brought the total amount paid by the Ca-stons to appellant to $13,250.
After roughing out the foundation of the house, appellant did no further work thereon, except for bringing a small amount of materials, such as pipe, to the building site.
The Castons made repeated attempts to persuade appellant to complete the building of their house according to the contract.
Appellant advanced several assignments of error, but the disposition required of the appeal, mandates the consideration of only one; that is, the court erred in overruling appellant’s motion for a directed verdict.
This appeal presents in reality a case of first impression in this jurisdiction. A case nearly in point is Howington v. State, 256 So.2d 382 (Miss.1972). There the accused and the prosecuting witness entered into an agreement whereby the accused was to take a car that was for sale and try it out, and if satisfied, the car would be purchased. To guarantee the transaction, the accused left a $200 check with the seller. The alleged purchaser, the accused, did not return the car. The alleged seller presented the check for payment and found that he had only a piece of paper. The alleged purchaser was indicted and tried for embezzlement. In reversing and rendering the cause, we held that the bad check in the transaction amounted to a civil debt under an embezzlement charge,[1] and said:
The testimony, taken as a whole, shows conclusively that there was a sale of the automobile to defendant by Newman, and that this sale is evidenced by the exchange of the check in the amount of $200. Wharton’s Criminal Law and Procedure, Volume 2, section 519, pages 201-202 (1957), provides as follows:
Generally, when dealings between two persons create a relation of debtor and creditor, a failure of one of the parties to pay over money does not constitute the crime of embezzlement. Ordinarily, whether the relation of debtor and creditor exists depends upon the facts of the particular case.
We find that the transaction between defendant and Newman created the debt- or-creditor relationship. For the reasons stated, we are of the opinion that this case should be and is reversed and rendered.
As may be seen from the language of the statute under which appellant was indicted, appellant would be guilty of embezzlement only if he “had fraudulently appropriate(d) personal property or money which ha(d) been delivered to him ... on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds.... ” [MCA § 97-23-25 (1972) ] *126 It is almost trite to say that every case of this nature is different. This Court, sitting not as a fact finder, as the facts are undisputed, must decide whether or not under these facts the charge comes within the language of the statute alleged to have been violated.
A similar situation existed in the recent case from Pennsylvania in Commonwealth of Pennsylvania v. Austin, 258 Pa.Super. 461, 393 A.2d 36 (1978). There the Pennsylvania court was confronted with almost the identical situation as here. Pennsylvania had a statute with stronger language than the one with which we are here concerned. The court in reversing and discharging the convicted accused contractor made several observations as follows:
With respect to the first element, “the obtaining of the property of another,” we do not feel the acceptance of advance 'money on a construction contract is the property of another.

His duty was to perform the services under the contract and failure to perform was a breach of that contract with its proper remedy in a civil forum.

Hence we believe the cumulative effect of the foregoing evidence is highly probative of appellant’s lack of criminal intent in this case. While he may have to answer for his actions in a civil forum, appellant’s conduct does not constitute a criminal offense.
(393 A.2d at 38, 39, 41)
Analyzing the undisputed facts in the case sub judice, we have a clearly written and executed contract between the Castons and appellant. The Castons were intelligent people as evidenced by their employment. Even though they might have received some “fast talk” from appellant and even though appellant may be a “known crook”, the Castons parted with their money and gave it completely to appellant. When he ■ received the money, it belonged to him. Admittedly, he did not produce what is now claimed to have been the “proceeds” under the quoted embezzlement statute. It is inescapable that these proceeds were for the completion of the house under the civil contract. We hold that appellant was not properly indicted and convicted under MCA § 97-23-25 (1972), and under the facts of this case, the conviction of embezzlement just cannot be upheld. There possibly are other statutes under which appellant could be indicted. If there is any way to produce a question for the jury as to criminal intent, he should be so indicted. We, therefore, reverse and render the cause and discharge the appellant as a result of his conviction under the code section discussed herein. We do this without prejudice for the state to re-indict appellant under any statute applicable to any evidence that may be produced by the state.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.

. This had nothing to do with the “bad check” laws.