Commonwealth *v.* Stahl, Appellant.

50

Argued October 1, 1956. Before RHODES, P.J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Louis Sager,* with him *Joseph L. Prince,* for appellant.

*Randolph A. Warden,* Assistant District Attorney, with him *Bernard E. DiJoseph,* District Attorney, and *Nicholas H. Larzelere,* Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

The defendant in this appeal financed the purchase and sales of used cars through the Pottstown Finance Company. In order to obtain money, titles to the

vehicles were transferred to the finance company accompanied by judgment notes and bailment leases. When the used car market suffered a set back, the defendant became financially embarrassed and failed to meet his obligations. In the instant case, four cars were involved. He was requested to repay the money due or return the cars, but he was unable to do either. It is admitted that the finance company did business with defendant for several years prior to this financial difficulty.

The defendant denies ever having any fraudulent intent; he contends that the practice with reference to the four vehicles was precisely the same as the practice engaged in by the parties for a number of years prior to the decline in the used car market.

The jury found defendant guilty of fraudulent conversion on four bills. Motions for a new trial and in arrest of judgment were filed, argued, and over-ruled. Defendant was sentenced to serve not less than two (2) months nor more than twenty-three (23) months in the Montgomery County Prison. This appeal followed.

A review of the testimony reveals what were the actual nature and ramifications of the transactions. While the defendant was interested in buying and selling used cars, the prosecutor was interested in lending money on them with notes, car titles, and bailment leases as evidences of indebtedness. The financial arrangement was clearly understood by both parties. Its foundation was credit, and the relationship was that of creditor and debtor. Defendant gave the finance company his personal judgment note in which he obligated himself to pay the loan when it became due. There was no obligation on his part to account for the proceeds from any specific sale or transaction although the loan was secured by paper titles.

It is admitted that the finance company never had ownership of the vehicles involved; that it never had possession of them; and that it never saw them. The record shows that approximately a half million dollars worth of business had been transacted in this manner within a period of over two years.

Mr. Tyson, an agent of the company, testified that it was his understanding at all times that the relationship between his company and defendant was that of debtor and creditor. Other testimony also reveals that, for nearly three years prior to defendant's failure to repay the loan, the prosecutor financed defendant's used car business. The company does not deny that its sole intention and interest was to lend money, and that defendant's failure to repay the loan is the basis of the charges of fraudulent conversion.

The crime of fraudulent conversion is committed where the offender receives into his possession money or property of another person and fraudulently withholds, converts, or applies the same to his own use or to the use and benefit of any person other than the one to whom the money or property belonged. If the property so withheld or applied to the defendant's use and benefit did not belong to some other person, but was the defendant's own money or property even though obtained by borrowing the money or by a purchase on credit of the property, the crime has not been committed. *Commonwealth v. Bixler,* 79 Pa. Superior Ct. 295; *Commonwealth v. Mitchneck,* 130 Pa. Superior Ct. 433, 198 A. 463. In *Commonwealth v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303, this Court stated in an opinion by Judge RENO that: "the gravamen of the offense of fraudulent conversion is the withholding of the property of another with the intent to defraud that other, or to deprive him of the use and benefit of his property and to convert or apply

the same to defendant's own use or benefit as against the owner." See also *Commonwealth v. Sherman,* 182 Pa. Superior Ct. 319, 126 A. 2d 480.

The statute under which this prosecution was brought has no application to a failure by a borrower to fulfil his contract to repay money loaned to him. It is not intended to be used as a substitute for an action at law in collection of a debt.

In *Commonwealth v. Williams,* 93 Pa. Superior Ct. 92, this Court said: "In a transaction involving the possession of and title to personal property under arrangements for credit and the loan of money, courts look into the real nature of the transactions, disregarding pretenses and the screen of paper titles." See also *Commonwealth v. Hillpot,* 84 Pa. Superior Ct. 454; *Commonwealth v. Overheim,* 106 Pa. Superior Ct. 424, 162 A. 475.

The evidence, under the circumstances in this case, does not warrant our sustaining a conviction of fraudulent conversion.

There are several secondary questions raised by the appellant, but in view of our decision on the main question, a discussion of their merits is not essential to this opinion.

The judgment is reversed and the defendant discharged.