478 A.2d 1384

**COMMONWEALTH of Pennsylvania**

v.

**Carol Gwendolyn COWARD, a/k/a Carol Gwendolyn Gantz, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1984.

Filed July 27, 1984.

124

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster for Commonwealth, appellee.

Before WIEAND, JOHNSON and LIPEZ, JJ.

WIEAND, Judge:

■ If a woman is the recipient of a food voucher issued for the sole purpose of enabling her to obtain supplemental foods for her children, does she commit theft by failure to make required disposition when she sells the food voucher to a stranger for cash? We conclude that proof of these facts was sufficient to sustain a conviction and affirm the judgment of sentence.

Carol Gwendolyn Coward, a/k/a Carol Gwendolyn Gantz, was a participant in the federally funded WIC program designed to provide dietary supplements for needy children and pregnant women. The program was funded by the United States Department of Agriculture and administered by the Pennsylvania Department of Health. Ms. Coward applied for benefits in late 1979; in order to qualify, she was required to sign a participation agreement by the terms of which she promised to use coupons issued to her in accordance with the department's rules and regulations. These rules provided, inter alia, that food vouchers could not be sold for cash. Thereafter, Ms. Coward received monthly vouchers, issued by the Department of Health in Lancaster, which listed the foods for which she could negotiate them. At the time of issuance, she was required to affix her signature; when she purchased food, she was required to again endorse the voucher, this time in the

presence of the merchant. The vouchers were thus negotiated in a manner similar to that in which traveler's checks are negotiated. By surrendering the properly endorsed voucher, the merchant was then able to obtain reimbursement from WIC funds. On May 19, 1981, Ms. Coward sold a voucher, worth thirty dollars, for the sum of twenty dollars. The purchaser was an informant, and the sale was observed by the police. Following jury trial, she was found guilty of theft by failing to make required disposition in violation of 18 Pa.C.S. § 3927. A motion in arrest of judgment was denied, and appellant was directed to pay a fine of $25.00 and make restitution; she was placed on probation for a period of one year.

■ The provisions of 18 Pa.C.S. § 3927(a) are as follows:

**§ 3927. Theft by failure to make required disposition of funds received**

(a) **Offense defined.**—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

This section is based upon section 223.8 of the Model Penal Code and replaces the fraudulent conversion and embezzlement sections of the Penal Code of June 24, 1939, P.L. 872 (repealed and replaced effective June 6, 1973). The Commonwealth, in order to prove a violation of this section, must prove the existence of four elements as follows: (1) obtaining the property of another; (2) subject to an agreement or known legal obligation to make specified payments or other disposition thereof; (3) intentional dealing with the property so received as the defendant's own; and (4) failure to make the required disposition.

Commonwealth v. Ohle, 503 Pa. 566, 581, 470 A.2d 61, 69 (1983); Commonwealth v. Fritz, 323 Pa.Super. 488, 493, 470 A.2d 1364, 1366 (1983); Commonwealth v. Wetmore, 301 Pa.Super. 370, 375, 447 A.2d 1012, 1015 (1982); Commonwealth v. Shapiro, 275 Pa.Super. 28, 32–33, 418 A.2d 594, 596–597 (1980) (Opinion by Price, J. in support of affirmance); Commonwealth v. Austin, 258 Pa.Super. 461, 466, 393 A.2d 36, 38 (1978); Commonwealth v. Crafton, 240 Pa.Super. 12, 16, 367 A.2d 1092, 1094–1095 (1976).

■ Appellant contends that the evidence failed to establish that she disposed of the voucher in violation of a known obligation to make some other disposition thereof. There is no merit in this contention. The agreement signed by appellant contained a provision which required her to use vouchers solely for the purchase of WIC approved foods and another which warned against the sale of vouchers. Willful misuse of food vouchers, it provided, could lead to removal from the program and criminal prosecution. Because appellant signed the agreement, a jury could infer that she had knowledge of the uses which she was required to make of WIC food vouchers.

■ A more difficult issue is whether appellant, in failing to use the food voucher for its required purpose, was disposing of the "property of another." Despite a contrary suggestion by the drafters of the Model Penal Code,[1] the traditional rule in Pennsylvania that a person cannot be guilty of converting his or her own property has continued. See: Commonwealth v. Austin, supra 258 Pa.Super. at 466–467, 393 A.2d at 39; Commonwealth v. Bartello, 225 Pa.Super. 277, 280, 301 A.2d 885, 887 (1973); Commonwealth v. Yocum, 211 Pa.Super. 17, 20, 234 A.2d 43, 45 (1967); Commonwealth v. Stahl, 183 Pa.Super. 49, 52, 127 A.2d 786, 787 (1956); Commonwealth v. Cavanaugh, 159 Pa.Super. 113, 116, 46 A.2d 579, 581 (1946); Commonwealth v. Schuster, 158 Pa.Super. 164, 167, 44 A.2d 303, 305–306 (1945). See: Commonwealth v. Jett, 230 Pa.Super. 373, 326 A.2d 508 (1974); W. LaFave & A. Scott, Handbook

1. See: Model Penal Code § 206.4 comment (Tent.Draft No. 2, 1954).

on Criminal Law 648 (1972); 3 Wharton's Criminal Law § 419 at 439 (14th ed. 1980).

Thus, in *Austin,* this Court reversed a section 3927 conviction where a home improvement contractor had received advance money on a contract and had ceased to perform his contract, having spent less than half of the advance money for materials. We held that although defendant's acts of failing to perform and keeping the advance money may have constituted a breach of contract, the defendant did not "fraudulently take the money of another." *Id.* 258 Pa.Super. at 468, 393 A.2d at 39. Accord: *Commonwealth v. Bartello, supra. Austin* continued the rule which had been established in cases decided under the Penal Code that a defendant could not properly be convicted of an embezzlement-type crime where both possession *and* title of property had passed to the defendant prior to the alleged conversion.

In the instant case, however, appellant had received an equivalent of money which was to be used for the sole purpose of purchasing specific food supplements for other persons, i.e., her children. Because the food vouchers were not intended to be used for her own benefit, appellant occupied a position comparable to that of a guardian or trustee. Such a person can be convicted of an embezzlement-type offense if he or she misappropriates funds for a use inconsistent with the purpose for which the funds are held. See: *Commonwealth v. Levi,* 44 Pa.Super. 253 (1910) (trustee); *Commonwealth v. Kaufman,* 9 Pa.Super. 310 (1899) (guardian); 5 P.L.E. Embezzlement and Related Offenses § 5. See also: *State v. Magee,* 201 Kan. 566, 441 P.2d 863 (1968); 3 Wharton's Criminal Law § 412, *supra.* Because appellant held the vouchers for the use and benefit of others, she could be convicted of a violation of 18 Pa.C.S. § 3927 if she failed to use the vouchers for their intended purpose, i.e., to purchase specific foods for her children. See and compare: *Commonwealth v. Shapiro, supra* (defendant accepted orders and advance payments for plaques and stone monuments to be purchased from a third party

128

and failed to apply money to that purpose); *Commonwealth v. Crafton, supra* (defendant, a travel agent, accepted payments for a group trip to Las Vegas for purpose of reserving and paying for travel and accommodations and failed to use money for that purpose); *Commonwealth v. Bhojwani,* 242 Pa.Super. 406, 364 A.2d 335 (1976) (defendant accepted orders and advance payments for clothing to be purchased from "partner" in Hong Kong and failed to use money for that purpose).

In view of appellant's agreement, both her ownership and use of the food vouchers were restricted. She could not properly negotiate the voucher for her own benefit. Negotiation was proper only when done in accordance with and for the purposes recited in her WIC agreement. Evidence that she sold the voucher for cash to a stranger was sufficient to sustain a conviction for theft by failing to make proper disposition thereof.

The judgment of sentence is affirmed.