529 A.2d 1

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard W. SMAIL, Appellee.**

Superior Court of Pennsylvania.

Argued March 17, 1987.

Filed June 16, 1987.

Reargument Denied Aug. 20, 1987.

William M. Kern, Clarion, for Com., appellant.

James J. Panchik, Assistant District Attorney, Kittanning, for appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

Defendant-Appellee was charged on March 24, 1986 with four (4) counts of Theft By Failure to Make Required Disposition of Funds Received (18 Pa.C.S.A. § 3927(a)). The Criminal Complaint and the Information stated that the Appellee had committed this crime of theft when, in his capacity as Treasurer of the Chiefs' of Police Association of Southwestern Pennsylvania, he intentionally took $2,350.00 for his own use. (He wrote three checks payable to himself and a fourth payable to a third party). On June 10, 1986, the Appellee filed an Omnibus-Pre-Trial motion, seeking, *inter alia,* to quash the information. The opinion and order of July 14, 1986, quashing the Information, appear to hold that the Treasurer of any organization may use the funds of that organization for his or her own purposes as long as they are able to pay the bills of the organization as they come due. The trial court found that since the Information did not charge that the Appellee failed to make any required dispositions of funds received (an element of 18 Pa.C.S.A. 3927(a)), that the statute did not apply to the Appellee's activities in this case.

"The decision to grant or deny a motion to quash is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion." *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 439, 422 A.2d 1369, 1373 (1980). After reviewing the record we find that such an abuse has occurred and we reverse the trial court's order quashing the Information and remand for trial on the Information as filed by the Commonwealth.

The sole issue in this case is whether the Information properly charged the Appellee with Theft by Failure to Make Required Disposition of Funds Received (18 Pa.C.S.A. 3927(a)). This section of the Crimes Code is comprised of the following elements:

1. The obtaining of property of another;
2. Subject to an agreement of known legal obligation upon the recipient to make specified payments or other disposition thereof;
3. Intentional dealing with the property obtained as the defendant's own; and
4. Failure to make the required disposition of the property."

*Commonwealth v. Fritz*, 323 Pa.Super. 488, 493, 470 A.2d 1364, 1366 (1983).

An additional section deals with presumptions in regard to government or bank officers which is not relevant here.

It is the fourth-element, failure to make the required disposition, which is the key element in determining if the information was properly quashed by the trial court. The Appellee argues that since the Information alleged no facts in support thereof, nor was there any testimony presented at the hearing that Appellee Smail failed to make required disposition of the Association's funds, that he cannot be forced to stand trial.

The Pennsylvania Supreme Court recently decided the case of *Commonwealth v. Rosenzweig*, 514 Pa. 111, 522 A.2d 1088 (1987), in which the Court frowned on technical distinctions in interpreting provisions of the Crimes Code

dealing with theft. In *Rosenzweig* the trial court quashed the Information which, among other things, charged the defendant with one count of theft by failure to make required disposition of funds. (18 Pa.C.S.A. § 3927). The Superior Court affirmed. It was alleged that the defendant, a pharmacy clerk for Esquire Drug Stores, had entered into contracts with General Mills and Eastern Coupon Clearing House, permitting Esquire to mail in manufacturers' coupons for reimbursement. Rosenzweig mailed coupons (not obtained from pharmacy customers) to the above named companies, who in turned mailed reimbursement checks made payable to Esquire. Rosenzweig intercepted these checks, endorsed Esquire's name and deposited them into his personal account. There was no evidence that Esquire was ever missing any money.

The Informations were quashed in *Rosenzweig* because the court found that Esquire did not have ownership rights in the checks, i.e., that Esquire suffered no loss of property (an element of § 3927), and was thereby not a "victim" of any theft. The Supreme Court disagreed, avoiding a technical interpretation of the statute, in finding that Esquire did have a property interest or "right" in the checks issued by virtue of the fact that it was the named payee. The Court went on to hold that:

> If the facts alleged in the instant case are proven, Appellee, by taking checks made payable to Esquire and depositing them in his own account, contrary to a known legal obligation, as Esquire's clerk, to deposit such checks in Esquire's account, clearly "obtain[ed] property subject to a known legal obligation" to make a specified disposition, and "intentionally deal[t] with the property obtained as his own and fail[ed] to make the required" disposition.

*Commonwealth v. Rosenzweig, supra,* 514 Pa. p. 117, 522 A.2d p. 1091.

In the case sub judice, the Appellee's argument, especially in light of the decision in *Rosenzweig,* is unconvincing and a very narrow interpretation of the fourth element, i.e., failure of the defendant to make the required disposition of

property. This element infers that failure to make the required disposition includes intentionally making an improper disposition of the funds or using the money for purposes other than for which they were intended. *Commonwealth v. Coward,* 330 Pa.Super. 122, 478 A.2d 1384 (1984). This section of the Crimes Code was derived from the Model Penal Code. "It was designed to require the actor to meet the obligation under which he undertook to collect monies or property of another." *Commonwealth v. Fritz, supra,* 323 Pa.Superior Ct. at 493, 470 A.2d at 1366. As the Treasurer of the Chiefs' of Police Association of Southwestern Pennsylvania, Appellee was to make reports of all monies received and disbursed by the Association. Monies collected by the Association were deposited into a bank account selected by the Executive Committee and all disbursements drawn on funds of the Association were to be co-signed by the President and Treasurer.

The Information charged that on three (3) occasions the Appellee drew checks on the Association's account, payable to himself, and on the fourth occasion to a third party for a personal obligation. These dispositions are clearly not "required" dispositions of the funds in question and the failure to make the required disposition may be shown without the Commonwealth having to prove that there was ever an occasion when a disbursement of funds was required from the Association and there was not sufficient funds in the account to cover disbursements.

This position does not conflict with our holdings in other cases dealing with this issue as they were decided on factually dissimilar situations. In both *Commonwealth v. Fritz, supra,* and *Commonwealth v. Crafton,* 240 Pa.Super. 12, 367 A.2d 1092 (1976), commingling of funds was acceptable and no criminal liability attached until the moment when the actor failed to make the required disposition or payment. Unlike the case *sub judice,* the defendants in the above cited cases were business agents clearly in a position to commingle funds and it was logical to find that criminal liability attached only when a defendant of this

nature failed to make required dispositions. Clearly it is illogical to assert that a Treasurer of an organization can commingle that organization's funds with his own for personal use and unless some obligation of the organization's remains unsatisfied because of such behavior there is no illegal activity.

Our holding that a proper interpretation of "a failure to make the required disposition" includes the making of an intentional improper disposition necessitates that the order of the trial court quashing the information be reversed and that the case be remanded for trial on the Information filed by the Commonwealth.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.