## Commonwealth *v.* King, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach,* Assistant Public Defender, and *Kenneth P. Barrow,* Public Defender, for appellant.

*John G. Siegle, Vram Nedurian, Jr.,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 22, 1975:

On April 27, 1973, appellant sold 120 bags of heroin to an undercover agent and approximately five months later was arrested. Appellant was tried before a jury and found guilty of possession and delivery of heroin. Appellant now appeals claiming that he was denied due process of law due to the five-month delay between the time of the sale and the arrest. Appellant bases his claim on the case of *Ross v. United States,* 349 F.2d 210 (D.C. Cir. 1965) which held that a seven-month delay in such a case was violative of the defendant's constitutional rights. While on a cursory reading of *Ross* appellant's argument may appear meritorious, upon further study of that decision and subsequent cases, it becomes clear that the *Ross* decision was not based solely on the delay but was also coupled with the weakness of the identification testimony. See *United States v. Childs,* 415 F.2d 535 (3d Cir. 1969) ; *Jordan v. United States,* 416 F.2d 338 (9th Cir. 1969) ; *United States v. Napue,* 401 F.2d 107 (7th Cir. 1968) ; and *Dancy v. United States,* 395 F.2d 636 (D.C. Cir. 1968). In *Ross,* the pre-arrest delay resulted in weak identification testimony based solely on notebook entries by the investigating officer, who by that

time had no personal recollection of the incident in question. In the instant case the agent made a positive in-court identification and further clearly demonstrated that he had an independent recollection of the sale and the surrounding circumstances. In addition, appellant failed to demonstrate any prejudice resulting from the delay. As was stated by this court in *Commonwealth v. McCloud,* 218 Pa. Superior Ct. 230, 235 (1971):

"It is clear, therefore, from a study of the *Ross* decision and the subsequent cases distinguishing it, that in the determination of the legal consequences of a pre-arrest delay on an accused's rights to a speedy trial and to due process, an assessment of the identification testimony and the effect of the delay on such identification are governing factors. In the case now before us there was no danger of misidentification stemming from the pre-arrest delay. The identification testimony was strong and substantial and in no way weakened by the delay in arrest."

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.