364 A.2d 335

**COMMONWEALTH of Pennsylvania**

v.

**Gobind P. BHOJWANI a/k/a Gary Freeman, Appellant.**

Superior Court of Pennsylvania.

Submitted April 13, 1976.

Decided Sept. 27, 1976.

H. David Rothman, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Louis R. Paulick, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

Appellant Gobind P. Bhojwani, a/k/a Gary Freeman, a/k/a "B. Garry," brings this appeal from his conviction, on March 25, 1975, of five separate counts of theft by failure to make required disposition of funds received,[1] following a trial held before Judge RIDGE without a jury. Appellant's claim is that the Commonwealth's evidence was not sufficient and that his motion in arrest of judgment therefore should have been granted below.[2] We have reviewed the evidence and find it sufficient. We therefore affirm.

The relevant facts are as follows. Defendant-appellant operated a clothing retail business known as the "Hong Kong Tailor Room" located in a motel room in Monroeville at the time of the infractions alleged. His business operation was ostensibly conducted in the following manner. Customers selected merchandise based on samples on hand and left payment with appellant, who was to order the customer's choice of clothing from his Hong Kong partner. The clothing was then to be shipped directly from Hong Kong to the customer. The instant charges resulted after five customers received neither the clothing ordered nor return of their money and no explanation was made for why neither clothing nor refund was received.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3927 (1973).

2. We note that appellant's post-trial motions were filed orally, at the conclusion of the trial. Although we will ordinarily consider only those arguments raised in written post-trial motions, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), we may consider post-trial motions made orally at the conclusion of trial in accordance with Pa.R.Crim.P. 1123(b). *Commonwealth v. Ruckinger*, 239 Pa.Super. 520, 362 A.2d 317 (filed March 29, 1976).

The Commonwealth produced the five customers as witnesses, each of whom testified to similar transactions. In each case the witnesses testified that they ordered clothes, paid by checks which were made out to B. Garry, did not receive the clothes within the six to eight week period promised and unsuccessfully attempted to contact appellant after the clothing failed to arrive. Clothing was ordered by the witnesses on February 9, 1974, on December 31, 1973, on February 6, 1974, on December 31, 1973 and on November 30, 1973, respectively. Appellant stipulated that the checks were deposited to his personal account.

Appellant testified that he was educated in India and had worked in Hong Kong from 1968 to 1972 when he came to the United States to sell suits for Freeman, Incorporated. He initially claimed that although checks were deposited in his account, the merchandise was paid for by checks drawn on his bank and forwarded to Hong Kong. He further testified that customers records were kept in Hong Kong and that he had no knowledge of the customer complaints because he had taken a different job as of November, 1973 and had left the business in the care of his brother in January, 1974. At trial, appellant's bank account had a balance of $15.64.

The Commonwealth, through the testimony of a representative of appellant's bank, introduced evidence that, prior to the transactions in question, appellant obtained cashier's checks payable to himself or to his brother in the amount of $4,500 on April 18, 1973, of $1,233 on June 25, 1973, and $4,000 on July 27, 1973 and of $1,600 on July 27, 1973 and that appellant's checking account records did not show that checks were made out to Freeman, Incorporated, appellant's Hong Kong supplier, subsequent to the transactions involved in the charges against him.

At the March 25, 1975 continuation of the trial appellant recanted his earlier explanation of the manner in

which payments were made to Hong Kong. He then testified that the earlier large withdrawals were made to enable him to purchase cashier's checks which were sent to appellant's partner in Hong Kong and that the later transactions were handled in the same fashion. At the time of trial, appellant's partner was no longer in Hong Kong. On cross examination appellant admitted that only one copy of a cashier's check payable to Freeman was available,[3] but maintained that the bank would have records showing otherwise. No records of cashier's checks payable to Freeman were produced by inspection of appellant's bank account. Appellant's brother testified that some of the checks were mailed to another brother who was in Hong Kong and who delivered them to appellant's partner there. Appellant also indicated that he was not paid by his Hong Kong partner; rather, he took living expenses out of the funds before he sent them to Hong Kong and he sent receipts to account to his partner for the deducted expenses.

■ The lower court, in its opinion, stated that it was "satisfied that the totality of the circumstances surrounding the transactions brought defendant's conduct within the purview of Section 3927." It further found that "defendant, whom it judged to be less than truthful in his testimony, intentionally accepted the money knowing that he was under a duty to supply the ordered merchandise and yet failed to do so or to return the money" and that "the defendant acted intentionally in failing to make the required disposition of the money belonging to the victims." In determining whether the preceding findings were sufficiently supported by the evidence we must view the Commonwealth's evidence as true and recognize that the prosecution is entitled to all reasonable inferences therefrom. *Commonwealth v. Eiland*, 450 Pa. 566, 301

---

**3.** Appellant produced a money order for $163 payable to Freeman, Incorporated, which was dated July 20, 1973, *prior* to the transactions in question.

A.2d 651 (1973); *Commonwealth v. Minnich*, 236 Pa. Super. 285, 344 A.2d 525 (1975), *allocatur refused* (1976). We hold that the evidence, viewed in a light most favorable to the Commonwealth, is sufficient to sustain appellant's conviction.

Section 3927 of the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3927 (1973), "theft by failure to make required disposition of funds received," provides, *inter alia:*

> "(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition."

As we have recently observed in *Commonwealth v. Crafton*, —— Pa.Super. ——, —— A.2d —— (filed April 22, 1976), this crime has four elements:

> "1. The obtaining of property of another;
>
> 2. Subject to an agreement of known legal obligation upon the recipient to make specified payments or other disposition thereof;
>
> 3. Intentional dealing with the property obtained as the defendant's own; and
>
> 4. Failure of the defendant to make the required disposition of the property." *Id.* at ——, —— A. 2d at ——.

Appellant does not dispute that he obtained property belonging to others and that he failed to make required

payments or disposition thereof. His sole argument on the sufficiency of the evidence is that the third of the above elements was not shown; that the record does not support the finding that he intentionally treated the property obtained as his own. The Commonwealth concedes that it produced no direct evidence of appellant's intent to deal with the property as his own, but maintains that the record contains ample circumstantial evidence of this element.

It is well settled that a defendant's conviction may be sustained on the basis of circumstantial evidence alone, *Commonwealth v. Cox,* 460 Pa. 566, 333 A.2d 917 (1975); *Commonwealth v. Figueroa,* 456 Pa. 381, 321 A.2d 658 (1974); *Commonwealth v. Finnie,* 415 Pa. 166, 202 A.2d 85 (1964), provided that such evidence is of sufficient quantity and quality to establish guilt beyond a reasonable doubt. *See Commonwealth v. Dawson,* 464 Pa. 254, 346 A.2d 545 (1975).

The circumstantial evidence presented here was sufficient to establish appellant's intention to deal with the money as his own, based on appellant's conduct, the attendant circumstances and reasonable inferences to be drawn therefrom. Appellant claimed that he forwarded the monies to Hong Kong, offering differing versions of how he did so. The trier of fact could have chosen to believe him or not to believe him. On the other hand, the Commonwealth relied on the totality of appellant's conduct in obtaining funds and depositing them in his personal account, from which he withdrew monies for living expenses, on the absence of records evidencing payment by check or cashier's checks to Hong Kong coupled with appellant's claim that he sent money there, on the presence of evidence showing that substantial sums were previously withdrawn from the account in the form of checks payable to appellant or to his brother and not to Freeman, on the account's depletion, on appellant's absence

without leaving a forwarding address coupled with the disappearance of his Hong Kong partner and on the fact that customers received neither refund nor clothing without explanation from appellant. These facts, taken together, comprised sufficient circumstantial evidence that appellant intended to treat the funds obtained as his own. By causing this result to obtain, appellant acted intentionally with regard thereto. *See* 18 Pa.C.S. § 302(b)(1)(i).

Judgments of sentence affirmed.