470 A.2d 581

**COMMONWEALTH of Pennsylvania**

v.

**Ronald HENRY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1983.

Filed Dec. 23, 1983.

Petition for Allowance of Appeal Denied June 13, 1984.

Rosemarie T. Kenkelen, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

Ronald Henry was tried nonjury and convicted of simple assault[1] in connection with the stabbing of his brother. He was acquitted of related charges of possession of an instrument of crime,[2] recklessly endangering another person,[3] and aggravated assault.[4] On direct appeal from the judgment of sentence, he contends (1) that there was insufficient evidence to convict him of simple assault; (2) that the trial court erred in denying his motion to dismiss for a violation of Pa.R.Crim.P. 1100; (3) that delay of the victim in reporting the alleged incident to the police resulted in prejudice to appellant requiring dismissal of the charge; and (4) that the trial court erred in failing to articulate specific reasons for the sentence imposed. These contentions have no merit; and, therefore, we affirm the judgment of sentence.

In determining the sufficiency of the evidence, "we view the entire record in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom favorable to the Commonwealth, determine whether there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Pronkoskie*, 498 Pa. 245, 248, 445 A.2d 1203,

1.  18 Pa.C.S. § 2701.

2.  18 Pa.C.S. § 907.

3.  18 Pa.C.S. § 2705.

4.  18 Pa.C.S. § 2702.

1204 (1982). See also: *Commonwealth v. Davis,* 308 Pa.Super. 204, 216, 454 A.2d 92, 98 (1982); *Commonwealth v. Price,* 306 Pa.Super. 507, 511, 452 A.2d 840, 842 (1982). "[I]t is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The fact finder is free to believe all, part or none of the evidence." *Commonwealth v. Nunez,* 312 Pa.Super. 584, 586, 459 A.2d 376, 377 (1983), quoting *Commonwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

The testimony of Tyrone Henry, appellant's brother, was that on January 9, 1981, appellant had entered the bedroom where Tyrone was sleeping and repeatedly stabbed Tyrone in the back and leg with a twelve inch long cooking fork. Tyrone struggled with appellant and was able to escape. He went to a hospital where he received treatment and was admitted for one day. He told authorities at the hospital that he had been injured when he fell on a picket fence. He did this, he said, to protect his brother who was then on federal parole. On January 16, however, Tyrone apparently changed his mind, for he then filed a complaint with the police. Criminal charges against appellant followed.

Appellant contends that Tyrone's prior inconsistent statement at the time of admission to the hospital rendered his trial testimony unworthy of belief. He also produced evidence that at the preliminary hearing Tyrone had identified the offending weapon as an ice pick. The rule of law applicable to testimonial inconsistencies was stated in *Commonwealth v. Williams,* 290 Pa.Super. 209, 434 A.2d 717 (1981), as follows:

"If a witness has made inconsistent or contradictory statements they may be used to attack the witness' credibility. *Commonwealth v. Bean,* 244 Pa.Super. 368, 372, 368 A.2d 765, 767 (1976); *Commonwealth v. Lenker,* 202 Pa.Super. 538, 541, 198 A.2d 347, 349 (1964); *Commonwealth v. Bartell,* 184 Pa.Super. 528, 537, 136 A.2d 166, 172 (1957). Prior inconsistent statements, however, do not render a witness incompetent or require that his

testimony be disbelieved. *Id.* It is true, of course, that a conviction cannot properly be sustained if it be based upon testimony of a witness which is so contradictory on the essential issues as to make the verdict obviously the result of conjecture or guess. *Commonwealth v. Farquharson,* 467 Pa. 50, 60, 354 A.2d 545, 550 (1976); *Commonwealth v. Lenker, supra,* 202 Pa.Super. at 542, 198 A.2d at 349; *Commonwealth v. Bartell, supra,* 184 Pa. Super. at 537, 136 A.2d at 172. However, the mere fact that there are some inconsistencies is not alone sufficient to destroy the Commonwealth's case. *Commonwealth v. Duncan,* 473 Pa. 62, 68, 373 A.2d 1051, 1053-54 (1977); *Commonwealth v. Bartell, supra,* 184 Pa.Super. at 537-38, 136 A.2d at 172. It is the function of the trier of the facts, in this case the trial judge, to reconcile conflicting testimony; the mere existence of conflicts in the testimony does not mean that he is required to resort to speculation. *Commonwealth v. Duncan, supra.*"

*Id.,* 290 Pa.Superior Ct. at 214, 434 A.2d at 719. See also: *Commonwealth v. Galloway,* 495 Pa. 535, 539-540, 434 A.2d 1220, 1222 (1981); *Commonwealth v. Scarpino,* 494 Pa. 421, 426, 431 A.2d 926, 928 (1981); *Commonwealth v. Curry,* 318 Pa.Super. 490, 494-95, 465 A.2d 660, 662 (1983).

■ In the instant case, the trial court found Tyrone's testimony credible. This testimony was not internally inconsistent so as to render a verdict based thereon a matter of conjecture or guess. Tyrone explained that his inconsistent statement at the hospital was motivated by an ill-directed wish to protect his brother and that his error in identifying the weapon during the preliminary hearing was the product of confusion caused by desperation at the time of the attack. In determining the facts, moreover, the trial court could take into consideration the testimony of appellant who admitted that he had stabbed his brother. Appellant's claim of self-defense, based on his assertion that Tyrone had threatened to hit him with a chair (this testimony was denied by Tyrone), was clearly for the trier of the facts. Under the totality of this evidence, the trial court

could properly find appellant guilty of simple assault, i.e., that he intentionally, knowingly or recklessly caused bodily injury to his brother.

Similarly, there is no merit in appellant's argument that the trial court should have dismissed the charge because of a Commonwealth failure to try him within the time constraints of Pa.R.Crim.P. 1100. The relevant procedural history is not in dispute. The complaint was filed on January 16, 1981, creating a July 15 mechanical run date. On April 14, the public defender was permitted to withdraw from appellant's case, and Ronald White, Esquire, was appointed new counsel. Because appellant was without counsel on that day, the scheduled trial was continued to June 26, 1981. On the latter date, trial was continued on a defense motion to August 17, 1981 because White was unavailable. On July 3, 1981, the Commonwealth filed a petition for an extension pursuant to Rule 1100(c). The petition cited the unavailability of defense counsel from June 26 to August 17 as excludable days and averred that it had been ready to proceed. On August 17, proceedings were again continued on motion of counsel for the defense because counsel was going on vacation. Both trial and a hearing on the Commonwealth's extension petition were set for October 5, 1981. On August 31, 1981, White withdrew as counsel for appellant, and shortly thereafter present counsel was appointed. On October 5, appellant's motion for dismissal was heard and denied, the Commonwealth's petition to extend was granted, and a new run date of October 24, 1981 was fixed. However, appellant was tried the same day, October 5, 1981, and was convicted.

Pa.R.Crim.P. 1100(d)(1) provides that in making a determination of the period for commencement of trial, there shall be excluded any delay that results from the unavailability of the defendant or his attorney. See also: *Commonwealth v. Smith*, 269 Pa.Super. 424, 410 A.2d 329 (1979). Appellant argues, however, that he did not agree to the several continuances and should not be prejudiced because his counsel's personal and business affairs made him

unavailable for a trial of the charges against appellant. This argument is directed to the operation of the Rule itself. It does not demonstrate that the time requirements of the rule have been violated. Appellant's contentions that White should not have requested the July 3rd and August 17th continuances and should have been available for trial on those dates cannot be made the basis for finding a violation of Rule 1100.

▮ Appellant also contends that he should be discharged because Tyrone, his brother, delayed making a report of the incident to the police for one week. In making this argument, appellant attempts to analogize the instant case to cases involving delays between sale and arrest in narcotics cases. See, e.g., *Commonwealth v. West*, 261 Pa.Super. 246, 396 A.2d 380 (1978); *Commonwealth v. Jones*, 259 Pa.Super. 103, 393 A.2d 737 (1978). See also: *Ross v. United States*, 349 F.2d 210 (D.C.Cir.1965). However, the principles discussed in these cases have never been applied to complaints which are not the result of police action. Moreover, there was here no evidence of prejudice, and the trial court found as a fact that appellant had not been prejudiced by the delay. See: *Commonwealth v. King*, 234 Pa.Super. 247, 338 A.2d 621 (1975). Appellant has been unable to call our attention to any case holding and we decline to hold that a delay of one week in bringing criminal activity to the attention of the police is per se unreasonable so as to bar prosecution for such activity. See: *Commonwealth v. DeMarco*, 281 Pa.Super. 62, 421 A.2d 1147 (1980).

Finally, appellant complains that the trial court, prior to imposing a sentence of imprisonment for not less than ten nor more than twenty-three months, failed to refer specifically to guidelines contained in the Sentencing Code, 42 Pa.C.S. § 9701 et seq., and failed to explain the applicability or inapplicability thereof in determining the sentence.

"It is well-settled law that the sentence imposed upon a convicted defendant is within the broad discretion of the sentencing judge. The sentencing judge must, however, comply with Pa.R.Crim.P. 1405, with the standards of the

Sentencing Code, 42 Pa.C.S.A. § 9721(b), with the factors in 42 Pa.C.S.A. § 9725, and also with the requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), giving reasons on the record for his choice of sentence...."

*Commonwealth v. Evans*, 299 Pa.Super. 529, 536, 445 A.2d 1255, 1259 (1982), quoting *Commonwealth v. DeCaro*, 298 Pa.Super. 32, 43–44, 444 A.2d 160, 166 (1982) (citations omitted) (footnotes omitted). However, "we should not hold a statement of reasons insufficient, and therefore require vacation and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them." *Commonwealth v. Williams*, 274 Pa.Super. 464, 477, 418 A.2d 499, 506 (1980), quoting *Commonwealth v. Wareham*, 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978). See also: *Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982); *Commonwealth v. Smillie*, 316 Pa.Super. 83, 462 A.2d 804 (1983); *Commonwealth v. Stafford*, 313 Pa.Super. 231, 459 A.2d 824 (1983); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

■ Appellant's sentence was based "on the facts of this particular case, [the appellant's] prior record and [a] letter report from [appellant's] Federal Parole Officer...." The letter report was read to appellant and was made a part of the record. It contained observations and conclusions of appellant's parole officer over a five year period and concluded that the assault on appellant's brother was "the result of one instance of continuous violent behavior." The report also detailed appellant's failure to benefit from the use of various social agencies and programs and his exhibition of a thinly disguised anger that "could be unleashed at any time."

The court had before it and based its sentence upon a detailed and intimate rendition of appellant's "history, character and condition." The report reflected and the court found a necessity that appellant be confined because of the violent nature of his character and his incorrigibility regard-

ing rehabilitation programs. This was adequate support for the sentence of confinement imposed by the court.

The judgment of sentence is affirmed.