487 A.2d 1000

**COMMONWEALTH of Pennsylvania**

v.

**Richard ROBICHOW, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Jan. 25, 1985.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

This appeal arises from the denial of appellant's petition for a writ of certiorari by the Court of Common Pleas of Philadelphia County. Appellant was charged by Municipal Court No. 78-07-1082, with theft by failure to make re-

quired disposition of funds received, 18 Pa.C.S.A. § 3927. Appellant was convicted in a non-jury trial of violating section 3927 and sentenced to make restitution of $75 to the complainant, to pay $10 to the Victims' Compensation Fund, to pay $10 pursuant to the Domestic Abuse Act, and to pay costs of prosecution. Appellant filed a petition for writ of certiorari to the lower court alleging that the evidence was insufficient to support his conviction. The lower court denied the petition and appellant brought this appeal. We affirm.

The relevant facts are these:

On December 7, 1977, appellant contracted with the complainant, Rachel Word, to perform certain repairs to her home. A written agreement that had been prepared by appellant was admitted into evidence at trial. Among other things, appellant was to replace the door of complainant's home and fix her leaky roof. The contract price for the job was $135. Ms. Word gave appellant $75 at the time of contracting, and he refused to sign a receipt for the $75 advance payment made to him by complainant. Appellant neither performed any of the agreed upon work nor returned the $75 advanced payment to Ms. Word. Ms. Word neither saw nor heard from appellant after contracting with him. At trial, testimony was given by Ms. Word. Appellant proffered no testimony.

The single issue for our determination is whether there was sufficient evidence to convict appellant of the crime of theft by failure to make the required disposition of funds received. 18 Pa.C.S.A. § 3927.[1] The test of sufficiency of evidence is:

1. We note that in its Reply Brief, counsel for defendant responds to the Commonwealth's exposition concerning interchangeability of enumerated theft charges and the proof thereof, pursuant to 18 Pa.C.S.A. § 3902, *Consolidation of Theft Offenses.* This issue was not raised in the Petition for Writ of Certiorari and never considered by the lower court. In addition, had the matter properly been raised, we perceive no difference in the proof required for theft by deception, section 3922, and the charge found here, theft by failure to make required disposition, section 3927. Thus, the requirement of notice, with allowance of continuation where necessary provided in section 3902 to

... whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all the elements of the crime have been established beyond a reasonable doubt ...

*Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975); *Commonwealth v. Henry*, 323 Pa.Super. 260, 470 A.2d 581 (1983).

Applying this test, we conclude, as did the court below, that all elements of the crime were proved beyond a reasonable doubt.

Section 3927 of the Crimes Code reads as follows: § 3927. Theft by failure to make required disposition of funds received.

(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition.

■ This Court reviewed this section in *Commonwealth v. Crafton*, 240 Pa.Super. 12, 367 A.2d 1092 (1976); allocatur denied, where we outlined the four elements necessary to complete the crime. They are:

1. The obtaining of property of another;

2. Subject to an agreement of [sic] known legal obligation upon the recipient to make specified payments or other disposition thereof;

3. Intentional dealing with the property obtained as the defendant's own; and

prepare for a defense to meet the proof of a different charge, is inapplicable here, and the decision of the lower court that a theft was committed could properly follow on the evidence. *See Commonwealth v. Morin*, 237 Pa.Super. 533, 352 A.2d 189, 193 n. 5 (1975), *rev'd on other grounds*, 477 Pa. 80, 383 A.2d 832 (1978).

4. Failure of the defendant to make the required disposition of the property.

*Id.,* 240 Pa.Superior Ct. at 16, 367 A.2d at 1094–95. *See also, Commonwealth v. Ohle,* 503 Pa. 566, 470 A.2d 61 (1983). Herein, appellant challenges the sufficiency of the evidence regarding only the first two elements.

Thus, we must determine if the evidence establishes beyond a reasonable doubt that appellant obtained property of another subject to an agreement or known legal obligation to make specified payments or other disposition. *See Commonwealth v. Crafton, supra;* 18 Pa.C.S.A. § 3927.

The evidence establishes that from the *inception* of the subject contract, appellant intended not to perform as contractually obligated. At the time of contracting, appellant refused to give complainant a receipt for the money advanced. Subsequently, he neither performed the work promised nor contacted the complainant to explain his failure to do the work. Because the evidence clearly establishes that the advance money was fraudulently obtained at the inception of contracting, title did not pass to appellant, and appellant's possession of the money was "... property of another...." Accordingly, appellant's reliance on *Commonwealth v. Austin,* 258 Pa.Super. 461, 393 A.2d 36 (1978), is misconceived. In *Austin,* we held that a defendant did not fraudulently take the money of another since he performed on the construction contract for almost two months after receipt of the money, and it was only after economic problems, that defendant ceased to work. *Compare Commonwealth v. Bhojwani,* 242 Pa.Super. 406, 364 A.2d 335 (1976) (evidence produced led to conclusion that from the inception of the contract, defendant never intended to place the order for the clothes of his customers).

The dissent perceives no distinction between *Austin* and the present case, but we believe the distinction detailed above is an obvious one. If we were to adopt the dissent's view, we would give a blanket immunity to the scam operators who sweep through neighborhoods, giving glib promises and authentic looking agreements, taking whatever

money they can obtain, particularly from trusting and dependent elderly people, then never to be seen again. It is the intent that controls and not the superficial appearance of legality upon which the dissent relies. The larcenous intent can be inferred from all of the circumstances, and we are unable to say that the trial court abused its discretion in finding its existence here.

■ We also find that appellant obtained the property of another "upon agreement ... to make specific payment or other disposition...." 18 Pa.C.S.A. § 3927. Appellant had a clear legal duty to make disposition of the funds in a certain manner, namely, by procuring necessary materials to begin his repairs. *See generally, Commonwealth v. Shapiro,* 275 Pa.Super. 28, 418 A.2d 594 (1980). The evidence, viewed in the light most favorable to the Commonwealth, establishes that pursuant to the party's contract, money was advanced at least in part, so that appellant would purchase necessary construction materials. As complainant testified at trial: "... [appellant] was supposed to do some work for me and one thing he was to put [sic] up a door and there was a leak on my roof, he was supposed to do that ... [for] $135." (N.T. p. 4) Possessed with fraudulent intent at the time of obtaining the advance money, appellant never used the money to fulfill his contractual obligations. *Compare Commonwealth v. Austin, supra.*

■ The dissent disagrees with the majority's footnote 1 that "we perceive no difference in the proof required for theft by deception, section 3922, and the charge found here, theft by failure to make required disposition, section 3927." In his dissenting opinion, Judge Johnson would distinguish between the proof of the elements of the two offenses and find that since the *manner* of committing the crimes is different, the elements of the crimes are different. This is precisely what section 3902 of the Crimes Code was drafted to eliminate. It provides as follows:

§ 3902   Consolidation of theft offenses.

Conduct denominated theft in this chapter *constitutes a single offense.* An accusation of theft may be supported

by evidence that it was committed *in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment,* subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise. (emphasis added)

The plain intent of this statute was to consolidate all theft charges into one, and "has as its aim the removal of all artificial distinctions between different forms of theft." *Commonwealth v. Belcher,* 233 Pa.Super. 212, 335 A.2d 505 (1975).

In *Commonwealth v. Shaffer,* 279 Pa.Super. 18, 420 A.2d 722 (1980), our Court in passing on distinctions in proof between theft by unlawful taking or disposition, section 3921, and receiving stolen property, section 3925, found that a "thieving state of mind" is the essence of the theft charge, and the purpose of section 3902 is to reduce the opportunity for technical defenses based upon legal distinctions between thefts of various kinds.

> This crime of "theft" was intended to embrace the offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like. It is intended by this subsection and this article to eliminate the technical distinctions between larceny, fraudulent conversion, etc. The basic philosophy adopted is *that if a person takes something which does not belong to him, this constitutes theft.* It is contemplated that the indictment will state facts justifying the conclusion that a theft was committed.

*Commonwealth v. Shaffer, supra,* 279 Pa.Superior Ct. at 24–25, 420 A.2d at 725–26, quoting Toll, Pennsylvania Crimes Code Annotated § 3902 at 420 (1974), *reprinting* the Comment of the Joint State Government Commission (1967) (emphasis added).

Thus the proof of theft, per se, is sufficient to establish the commission of the crime, whether it was titled theft by deception or theft by failure to make required disposition, the manner of taking simply being the specific details of the theft and not constituting different elements of the crime. Where the legislature intended a distinction, it did so in regard to various crimes which resembled theft but are not to be treated as theft under the Crimes Code, and "therefore, provided separate provisions for each crime on the grading of offenses. *See, e.g.* § 3928 (unauthorized use of automobiles or other vehicles), § 3929 (retail theft), and § 3930 (theft of trade secrets)." *Commonwealth v. Belcher, supra,* 335 Pa.Superior Ct. at 217–18, n. 4, 335 A.2d at 507, n. 4. The fact that the two sections under discussion here, section 3922 and section 3927, carry identical penalties pursuant to section 3903, grading of theft offenses, further supports the unitary concept of theft regardless of the specific manner of its commission. In *Commonwealth v. Lewis,* 299 Pa.Super. 367, 445 A.2d 798 (1982), this Court held that the trial judge was in error in granting a demurrer to the Commonwealth's evidence when that evidence was sufficient to establish theft by receiving stolen property, even when the crime charged was theft by unlawful taking. In construing section 3902, Judge Wieand in his Opinion stated:

> This statute means that a specific charge of theft will permit evidence showing another type of theft; provided only, that the defendant must be given adequate opportunity to respond so that he or she will not be prejudiced or surprised.

(Citations omitted). *Id.,* 299 Pa.Superior Ct. at 371, 445 A.2d at 800. As considered by the standards discussed above, the elements stated in *Commonwealth v. Crafton, supra,* for section 3927, Theft by failure to make required disposition of funds received: 1.) The obtaining of property of another; 2.) Subject to an agreement of [sic] known legal obligation upon the recipient to make specific payments or other disposition thereof; and 3.) Intentionally dealing with

the property obtained as the defendant's own, established the "thieving state of mind" which is the *unitary* element of theft derivative of section 3902, the consolidation section of which *Commonwealth v. Shafer, supra,* speaks. The facts of the theft, whether they make out the particulars of section 3927, Theft by failure to make required disposition of funds received, or section 3922, Theft by deception, are sufficient to establish *guilt of theft,* if they establish the taking and a "thieving state of mind." *Commonwealth v. Lewis, supra.*

Thus we believe the analysis proposed in the dissent is inappropriate in its application to theft charges generally, and in particular, to the instant case.

We conclude that the evidence establishes beyond a reasonable doubt that appellant obtained property of the complainant subject to an agreement to dispose of it in a certain manner which are the two elements challenged by appellant. As appellant does not challenge the findings as to the last two elements of the crime, intentionally dealing with the property obtained as his own and failure to make the required disposition of the property, we accordingly affirm the lower court's order and the judgment of sentence.

Order affirmed and judgment of sentence affirmed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I conclude that the evidence was totally lacking to justify a rational trier of the facts to find guilt beyond a reasonable doubt on the only charge upon which appellant was tried. Appellant contends that the Commonwealth failed to adequately prove the first two elements of the crime of theft by failure to make required disposition of funds received. I agree and would therefore reverse the judgment of sentence and discharge appellant. Hence this dissent.

The only evidence presented by the Commonwealth was the testimony of the alleged victim, Rachel Word, and the written agreement upon which the charge was based. The

agreement was not transmitted with the record to this court. Word testified that appellant agreed to do some work on her home for the agreed price of $135. Part of that work involved installing a door and repairing a leak in the roof. Word gave appellant $75 at the time the agreement was made. She testified that appellant did not want to acknowledge in writing his receipt of that money. None of the agreed work was ever done. Appellant did not return any of the initial $75 payment.

On these facts, the Municipal Court of Philadelphia found appellant guilty of violating 18 Pa.C.S. § 3927 for failing to make required disposition of funds received. Certiorari was denied by the Court of Common Pleas, prompting this appeal.

Section 3927(a) sets forth:

§ 3927. Theft by failure to make required disposition of funds received

(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

Preliminarily, I note my strong dissent to the majority's assertion in footnote 1 that it "perceive[s] no difference in the proof required for theft by deception, [18 Pa.C.S.] section 3922, and the charge found here, theft by failure to make required disposition, section 3927." Majority opinion, at 1002. The Commonwealth virtually concedes that the conviction cannot stand under Section 3927 when it seeks to argue in its brief to this court: "II. DEFENDANT'S CONVICTION SHOULD BE AFFIRMED UNDER 18 PA. C.S.A. § 3902, CONSOLIDATION OF THEFT OF-

FENSES." Brief for Commonwealth at 7–10. The thrust of the Commonwealth's argument appears to be that since "[t]he record plainly shows that defendant could alternatively have been convicted of Theft by Deception," appellant's " 'thieving state of mind,' evidence by his refusal to sign a receipt, provide any materials, do an iota of work, return any of the money, or even face his victim, is ample grounds upon which to affirm his conviction." *Id.* at 9–10.

The majority directly adopts this argument of the Commonwealth, acknowledging its acceptance of the argument's validity both in its footnote 1 and in the last third of its opinion. In my view, none of the cases relied upon by the majority justify such a stance.

Admittedly, our court in *Commonwealth v. Belcher*, 233 Pa.Super. 212, 335 A.2d 505 (1975) engaged in dicta to the effect that:

> It would be illogical to construe the new Crimes Code, which has as its aim the removal of all artificial distinctions between different forms of theft (including receiving stolen property), as introducing a distinction in grade of offense between receivers and other thieves which did not even exist under the old statutes.

*Id.*, 233 Pa.Superior Ct. at 217, 335 A.2d at 507. However, the only issue before the *Belcher* court was whether 18 Pa.C.S. § 3903(a), involving grading of theft offenses, should be construed so as to require that a defendant charged with receiving stolen property could only be found guilty of a third degree felony where it is proven that he is in the business of buying or selling stolen property.

Unlike the appeal now before us, *Commonwealth v. Shaffer*, 279 Pa.Super. 18, 420 A.2d 722 (1980), involved an appeal from a conviction on *one* count of receiving stolen property (18 Pa.C.S. § 3925) where the defendant had been acquitted of *another* count of theft by unlawful taking or disposition (18 Pa.C.S. § 3921). The defendant argued on appeal that since he had been *acquitted* of theft by unlawful taking or disposition, the jury must have believed that the goods which he had sold—and which supported his

conviction on receiving stolen property—could not have been stolen. In a panel opinion, our court held that consistency in a jury's verdict is unnecessary, provided there is sufficient evidence to support the convictions the jury has returned, and that inconsistency in verdicts affords an accused no cause for relief, even though it may be difficult to reconcile the verdicts. *Id.*, 279 Pa.Superior Ct. at 22, 420 A.2d at 724. I am unable to read the rather extended dicta following the holding in *Shaffer* as finding that Section 3902 of the Crimes Code can be interpreted as removing the distinction between the proof required for theft by deception in Section 3922 and the proof required for theft by failure to make required disposition in Section 3927.

Nor do I find *Commonwealth v. Lewis*, 299 Pa.Super. 367, 445 A.2d 798 (1982) conclusive as to the majority's position. In that case, two juveniles were arrested and charged with homicide, *robbery*, aggravated assault, *theft by unlawful taking* and conspiracy. At the conclusion of the Commonwealth's case in the adjudication phase of the delinquency proceeding, the hearing court sustained demurrers to all charges, holding that the evidence was sufficient to show only *theft by receiving stolen property*. In reversing, a panel of our court agreed with the hearing court that the evidence was sufficient to prove theft by receiving stolen property. We reversed on two distinct and alternative grounds. Speaking for the three-judge panel, Judge WIEAND stated:

> The statute [18 Pa.C.S. § 3902] means that a specific charge of theft will permit evidence showing another type of theft; provided only, that the defendant must be given adequate opportunity to respond so that he or she will not be prejudiced or surprised. See *Commonwealth v. Morin*, 237 Pa.Superior Ct. 533, 541–2 n. 3, 352 A.2d 189, 193 n. 3 (1975), rev'd on other grounds, 477 Pa. 80, 383 A.2d 832 (1978). See also *Commonwealth v. Adams*, 236 Pa.Superior Ct. 534, 345 A.2d 192 (1975) (Concurring Opinion by Hoffman, J.), *aff'd*, 479 Pa. 508, 388 A.2d 1046 (1978). It has also been held that because theft is a

lesser included offense of robbery, an indictment charging robbery will support evidence of theft committed in any manner specified in the chapter of the Crimes Code which defines the several offenses of theft.[2] See *Commonwealth v. Stevens*, 237 Pa.Superior Ct. 457, 465–66, 352 A.2d 509, 512–14 (1975).

We conclude, therefore, that the court below erred when, despite prima facie evidence of theft by receiving stolen property, it sustained appellees' demurrers to charges of delinquency.

*Id.*, 299 Pa.Superior Ct. at 371–72, 445 A.2d at 800.

My research does not disclose that *Commonwealth v. Lewis* has been cited for any purpose since its publication. With respect to the first ground advanced as supporting reversal, I find that neither of the cases relied upon to support the court's interpretation of Section 3902 involved facts which afford a reasoned foundation for the *Lewis* pronouncement. In *Commonwealth v. Morin, supra,* the defendant was tried and convicted on a charge of theft by deception and our court found the evidence sufficient to warrant conviction *on that very charge.* In a footnote, the opinion writer opined that *if* the evidence had been insufficient, the defendant *could have been* found guilty of theft by unlawful taking or disposition. The concurring opinion of Judge [now President Judge] SPAETH in *Morin,* in my view, provides a correct and complete answer to the footnote:

SPAETH, Judge (concurring):

I agree with the majority that the judgment of sentence in this case should be affirmed. I do not agree, however, with the majority's *dicta* in footnote three. Section 3902 of the Crimes Code, 19 Pa.C.S. § 3902, does not mean that on appeal an *appellate* court can substitute a different theft offense for the one the defendant was convicted of in the court below. It merely permits the *trial* court to consolidate theft offenses where the evidence differs from the indictment or complaint and where the defend-

ant has had adequate notice and preparation time to ensure a fair trial on the consolidated offenses.

*Commonwealth v. Morin*, 237 Pa.Super. at 542–3, 352 A.2d at 194. (emphasis in original).

In *Commonwealth v. Adams, supra*, also relied upon by the *Lewis* panel as to the first ground for reversal, the conviction of theft by unlawful taking or disposition was affirmed *per curiam* without a majority opinion being filed. In a published concurring opinion, (in which Judge Spaeth joined), Judge HOFFMAN found that the evidence was ample to sustain a conviction on receiving stolen property on Judge Hoffman's rationale that the defendant had "retained movable property of another knowing that it had been stolen." That rationale has only been accepted by the author, thereof, in another concurring opinion to *Commonwealth v. Farmer*, 244 Pa.Super. 334, 368 A.2d 748, 753 (1976), and in the citation by Judge Wieand in *Lewis*.

Turning to the second alternative ground for the holding in *Lewis*, our court cites to *Commonwealth v. Stevens, supra*, for the proposition that an indictment charging robbery will support evidence of theft committed in any manner specified in Chapter 39 of the Crimes Code. Our court *did* hold in *Stevens* that a conviction for theft would be sustained where the indictment had been for robbery, on the basis that one must be "in the course of committing a theft" in order to commit a robbery, *see* 18 Pa.C.S. § 3701, and that the evidence was sufficient to prove theft by unlawful taking under Section 3921(a).

As to the precedential value of *Commonwealth v. Lewis*, it is worthy of note that the decision resulted in the case being *returned* to the juvenile court for further proceedings, following the reversal of the order sustaining the demurrer. *Lewis* did *not* involve an appeal from judgment of sentence, as in the present case, where the issue is whether a *conviction* may stand without proof of all the elements of the only crime charged.

In summary, I dissent from the majority's conclusion that the dicta appearing in *Belcher, Shaffer*, and *Lewis* provide

any support for the very novel proposition advanced in the opinion of the majority here: "The facts of the theft, whether they make out the particulars of section 3927, theft by failure to make required disposition of funds received, or section 3922, theft by deception, are sufficient to establish *guilt of theft,* if they establish the taking and a 'thieving state of mind' ". Majority Opinion at 1005.

The record is quite clear that until this case came to this court on review, there was never a suggestion that appellant had committed *any* crime except theft by failure to make required disposition of funds received, found in Section 3927. Although the majority notes that the appellant proferred no testimony, I should think that no person is required to respond to charges that have not been advanced!

It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process. *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). These standards no more than reflect a broader premise that has never been doubted in our constitutional system: that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I believe that the discussion of the "plain intent" of Section 3902 of the Crimes Code, in which our court has engaged in the past, is both misleading and mistaken, and fraught with potential constitutional problems. Section 3902 provides:

### § 3902. Consolidation of theft offenses

Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, *subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense*

*would be prejudiced by lack of fair notice or by surprise.* (emphasis supplied.)

The emphasis of the majority, and the prior statements of our court, have been on the constitution of theft as a "single offense" and the "consolidation" of all theft charges into one, whatever that means. Insufficient respect has been paid to the necessity that the trial court "ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise." Without the latter, the former poses severe constitutional problems. At the very least, the entire section must be read to mean that a defendant be given ample notice, *at trial* and *as part of the Commonwealth's case,* of all of the elements of a crime upon which the state seeks conviction.

Neither the Commonwealth in its brief nor the majority in its opinion suggests that appellant was afforded *any* notice that his conviction would depend upon a finding that he had violated Section 3922, theft by deception, rather than Section 3927 upon which he was, in fact, charged and convicted. It is both unnecessary and inappropriate, therefore, to dwell on whether the evidence was sufficient to prove theft by deception.

Returning then to the primary issue on this appeal, were the facts at trial sufficient to prove that appellant had obtained the property of another subject to an agreement to make specified payments or other disposition thereof? I conclude that they were not, and that the conviction should be reversed.

Our supreme court, citing to *Commonwealth v. Crafton,* 240 Pa.Super. 12, 16, 367 A.2d 1092, 1094–96 (1976), has set forth the four elements necessary to complete the crime:

As defined by Section 3927 of our Crimes Code, theft by failure to make required disposition of funds received has four elements:

1. The obtaining of property of another;

2. Subject to an agreement or known legal obligation upon the recipient to make specified payments or other disposition thereof;

3. Intentional dealing with the property obtained as the defendant's own; and

4. Failure of the defendant to make the required disposition of the property.

*Commonwealth v. Ohle,* 503 Pa. 566, 581, 470 A.2d 61, 69 (1983) (footnote setting forth Section 3927 in its entirety omitted).

Appellant's contention that the Commonwealth failed to prove either of the first two elements of the crime is well taken. One does not obtain "the property of another" by accepting an advance payment on a service contract which does not require a specific disposition of the funds, since title and possession of the funds passes to the recipient. In *Commonwealth v. Bartello,* 225 Pa.Super. 277, 301 A.2d 885 (1973), we reversed a conviction for fraudulent conversion under the old Section 4834 of the Penal Code of 1939 which the present Section 3927 has replaced. The defendant in *Bartello,* like the appellant in the case now before us, had entered into a construction contract, received an advance payment under the contract, and failed to either finish the job or return the money. There, we said:

While the appellant was undoubtedly guilty of breach of contract and perhaps even of fraud, he was not guilty of the crime of fraudulent conversion ...

The complainant must have title in the property at the time the conversion accrues to sustain a finding of fraudulent conversion. *Commonwealth v. Yocum,* [211 Pa.Super. 17, 234 A.2d 43 (1967)]. Here clearly title passed to the appellant as the payments were within the contract price ... and render the appellant liable to perform the services under the contract ...

It seems apparent that in a simple contract providing for certain services at certain prices that where there is a transfer of money, within the contract price, even in

advance of a due date, that title as well as possession passes and only a contractual obligation remains.

*Id.*, 225 Pa.Superior Ct. at 279, 280, 301 A.2d at 886, 887.

I am unable to discern how the Commonwealth has established the first element set forth in *Ohle, supra,* "the obtaining of property of another," since both title and possession of the $75 would have passed to appellant. The majority would hold, without citation to any authority to support it, that because the evidence "clearly establishes that the advance money was fraudulently obtained at the inception of contracting, title did not pass to appellant, and appellant's possession of the money was 'property of another.' " The factual basis for this conclusion appears to be that appellant refused to give complainant a receipt for the money advanced, did not perform the work, and did not contact complainant to explain his failure to do the work.

The difficulty I have with this analysis is that deceit is not one of the elements involved under Section 3927, which is before us, but rather an element under Section 3922, theft by deception, which is *not* before us. Even if this court were permitted to make an analysis of deception on appeal, which the trial court did not do, I could not agree with the majority that the evidence "clearly establishes" fraudulent intent. This is so because our legislature has properly mandated that deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise. 18 Pa.C.S. § 3922(a)(1).

Both the trial court and the majority attempt to distinguish *Commonwealth v. Austin,* 258 Pa.Super. 461, 393 A.2d 36 (1978), a plurality decision of this court construing Section 3927, and relying on *Bartello.* In *Austin,* the contractor had agreed to do home improvement work under a written agreement. A portion of the contract price was paid to the defendant in advance, as per the terms of the agreement. At the homeowner's request, a receipt was given for the advance to permit the homeowners to satisfy a bank which was to finance the project. After the work had

progressed for two months, the defendant stopped work, resulting in a charge of theft by unauthorized disposition of the advance money paid on the contract. In reversing the conviction under Section 3927, Judge CERCONE stated:

with respect to the first element, "the obtaining of property of another," we do not feel the acceptance of advance money on a construction contract is the property *of another.*

*Id.*, 258 Pa.Superior Ct. at 466, 393 A.2d at 38 (emphasis in original).

In deciding *Austin,* Judge Cercone had occasion to consider and distinguish two other cases already construing Section 3927. He found, as I find, that both *Commonwealth v. Crafton,* 240 Pa.Super. 12, 367 A.2d 1092 (1976) and *Commonwealth v. Bhojwani,* 242 Pa.Super. 406, 364 A.2d 335 (1976) involved cases where the conviction had been upheld on a clear showing that the property obtained and held by the defendant involved an agreement where the defendant served as an intermediary. *See Commonwealth v. Crafton, supra,* (travel agent); *Commonwealth v. Bhojwani, supra,* (monies received to purchase clothing from Hong Kong tailor); *cf. Commonwealth v. Shapiro,* 275 Pa.Super. 28, 418 A.2d 594 (1980).

Since I conclude that appellant had *not* "obtained the property of another," it is unnecessary to determine whether the $75 paid to appellant was subject to an agreement or known legal obligation upon the appellant to make specified disposition thereof. Even if one were to assume that the money remained the property of the homeowner, the facts here involved fall far short of establishing either an agreement or known legal obligation as to how this particular down payment was to be spent or used by appellant. As in *Austin,* the agreement is silent on the subject of specific dispositional requirements. While it is certain that appellant was obligated to ultimately purchase the materials necessary to install the door and repair the leak in the roof, it is equally clear that there is absolutely no testimony or other evidence that appellant was either expected or re-

quired to use the advance payment solely for the purchase of construction materials. Nor do I understand the Commonwealth to argue otherwise.

Since the Commonwealth has not established either of the first two elements necessary for a conviction under Section 3927, I would reverse and discharge appellant.